604 A.2d 723

COMMONWEALTH of Pennsylvania

v.

John W. HOLLAWELL, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 13, 1992.

Filed March 6, 1992.

John J. Fioravanti, Jr., Deputy Public Defender, Doylestown, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before MONTEMURO, HUDOCK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the final order of the Court of Common Pleas of Philadelphia County denying appellant John W. Hollawell credit for time served prior to the imposition of sentence. We affirm.

On August 5, 1987, the Commonwealth filed criminal charges against appellant for bribery, perjury, criminal conspiracy, and criminal solicitation (Criminal Informations numbered 2272–2278). On that same day, the Commonwealth filed criminal charges against appellant on an unrelated series of crimes (Criminal Informations numbered 228–241). At the time these charges were filed, appellant was incarcerated at a federal prison. The Commonwealth

lodged a detainer with the federal authorities and on September 21, 1987, appellant was transferred to a Philadelphia prison. Appellant posted bond on all state charges on October 25, 1988, and was released from custody.

After a jury trial on Criminal Informations numbered 228–241, appellant was convicted of corrupt organizations, one count of bribery, and criminal conspiracy. On August 10, 1989, the Honorable Carolyn Temin imposed an aggregate sentence of five to twenty years incarceration. Pursuant to 42 Pa.C.S.A. § 9760, and Pa.R.Crim.P., Rule 1406(b), 42 Pa.C.S.A., Judge Temin granted appellant credit for all time spent in custody as a result of those charges.

On October 23, 1989, appellant pled guilty to the crimes charged in the instant case (Criminal Informations numbered 2272–2278). Appellant subsequently filed a motion to withdraw his guilty plea which the lower court denied.[1] On April 2, 1990, the Honorable Albert Sheppard sentenced appellant to an aggregate term of incarceration of eighteen to thirty-six months, to be served consecutively with the sentence previously imposed by Judge Temin. Judge Sheppard orally indicated that appellant was entitled to credit for time spent in custody prior to trial "so long as it is clear that any incarceration was pertinent specifically to this case." N.T. 3/2/90, at 42. Appellant filed a timely motion to modify the sentence which the lower court subsequently denied. On January 24, 1991, appellant filed a "Motion to Clarify Time Credit to be Given to Defendant." Following a hearing on April 19, 1991, Judge Sheppard denied appellant credit for the time he spent in custody prior to sentencing. This timely appeal followed. The Commonwealth filed a motion to quash the appeal which this court denied.

Appellant raises only one issue for our review: whether the trial court erred by failing to allow credit towards

1. Appellant's appointed counsel filed an amended notice of appeal on May 1, 1990. This court remanded the case for reconsideration of the order denying appellant's request to withdraw his guilty plea, but retained jurisdiction. After a hearing, the lower court again denied appellant's motion to withdraw his guilty plea. On July 24, 1991, we affirmed the order of the lower court.

appellant's sentence for his time spent in custody prior to trial. The Commonwealth counters, arguing that (1) this court is without jurisdiction to entertain appellant's appeal; and (2) appellant should not be given credit for time served prior to the imposition of this sentence. We will address the jurisdictional issue first.

The Commonwealth argues that the trial court lacked jurisdiction to dispose of appellant's motion. The Commonwealth contends that the calculation of time credit is an administrative matter within the exclusive domain of prison authorities.[2] It is well-settled that if an alleged sentencing error is thought to be the result of an *erroneous computation* of sentence by the Bureau of Corrections, the appropriate recourse would be an original action in the Commonwealth Court challenging the Bureau's computation. *Commonwealth v. Perry*, 386 Pa.Super. 534, 537–38, 563 A.2d 511, 512–13 (1989). However, where an appellant challenges the *trial court's* failure to award credit for time served prior to sentencing, the claim involves the *legality* of sentence. *Commonwealth v. Diamond*, 376 Pa.Super. 485, 491 n. 3, 546 A.2d 628, 631 n. 3 (1988). A claim challenging the legality of sentence is appealable as of right. *Id.*

The trial court unquestionably possesses the inherent power to correct an unlawful sentence at any time. *Commonwealth v. Horsman*, 239 Pa.Super. 534, 537, 361 A.2d 433, 434 (1976). Further, the Pennsylvania Rules of Appellate Procedure permit a trial court to "[t]ake such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter ... and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding." Pa.R.A.P., Rule 1701(b)(1), 42 Pa.C.S.A. In the instant case, appellant asked Judge Sheppard to clarify whether his time in custody would be credited towards his sentence, and if the answer were "no," appellant challenged

2. The Commonwealth also argues that the motion underlying the trial court's order was never filed. However, our review of the record indicates that the motion was filed and docketed on January 24, 1991.

the legality of his sentence. Under *Horsman* and Rule 1701(b), the trial court had jurisdiction over the matter. Because the lower court's decision was appealable as of right, we conclude that the appeal is properly before this court. *Commonwealth v. Diamond, supra,* 376 Pa.Super. at 491 n. 3, 546 A.2d at 631 n. 3.

■ Appellant argues that his time spent in custody prior to sentencing should be credited towards the sentence imposed by Judge Temin, as well as the sentence imposed by Judge Sheppard. Appellant contends that his incarceration was the direct result of the charges filed in both cases, and therefore, his time incarcerated prior to sentencing should be credited towards both sentences. We disagree. Pursuant to 42 Pa.C.S.A. § 9760, a court must give credit for time served as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). The principle underlying this statute is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense. *Commonwealth v. Shaw,* 379 Pa.Super. 491, 499, 550 A.2d 555, 559 (1988), *allocatur denied* 524 Pa. 607, 569 A.2d 1366 (1989).

Our exhaustive research finds no Pennsylvania case directly on point with the facts of the instant case. However, we are guided by the principle enunciated in *Commonwealth v. Frank,* 263 Pa.Super. 452, 398 A.2d 663 (1979). The defendant in *Frank* was convicted of a series of crimes arising out of a single criminal episode. The defendant was tried and convicted in both Lancaster and Chester counties for the crimes that occurred in each respectively. Defendant's sentence in Chester County was made consecutive to

his Lancaster County sentence. This court vacated the judgment of sentence on other grounds, but stated:

> Should appellant's sentence be reinstated, credit must be given for the time he has spent in custody.... Under these circumstances, credit against his Lancaster sentence must be given from the date of his initial incarceration under the terms of 18 Pa.C.S.A. § 1360(4) (Supp. 1978–79). *See also* Pa.R.Crim.P. 1406. It should be observed that this calculation will not allow appellant double credit for the time he served prior to his sentencing in Lancaster County. *Once credit is given against his Lancaster County sentence under 18 Pa.C.S.A. § 1360(4), the time appellant has served in custody is no longer "a result of" the charges that arose in Chester County within the meaning of subsection (1) of that provision, and thus cannot be credited against the sentence he received there.*

*Id.,* 263 Pa.Superior Ct. at 476 n. 10, 398 A.2d at 675 n. 10.[3]

Although the facts in *Frank* are not directly on point with the instant case, the rationale used by this court in *Frank* is pertinent to our discussion. The defendant in *Frank* was tried separately for separate crimes arising out of a single criminal episode. In the present case, appellant was also tried separately, although for two separate criminal incidents. Both the defendant in *Frank* and appellant were sentenced separately for each offense. Here, Judge Temin sentenced appellant on the convictions resulting from Criminal Information Numbers 228–241 and awarded appellant credit towards that sentence for time previously served. Judge Sheppard sentenced appellant on the convictions resulting from Criminal Informations numbered 2272–2278 and authorized credit for time served prior to the

---

**3.** 18 Pa.C.S.A. § 1360(4) provided:

> If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

sentence "so long as it is clear that any incarceration was pertinent specifically to this case." N.T. 4/2/90 at 42.

The absurdity of appellant's case is clear. Following his reasoning, appellant would receive a windfall on sentencing for a completely unrelated crime. This court does not deal in "volume discounts." Applying this court's rationale in *Frank* to the present case, we hold that once Judge Temin credited appellant for time previously served, appellant's time in custody was no longer "a result of" the charges brought before Judge Sheppard. *Id.*, 263 Pa.Superior Ct. at 470, 398 A.2d at 675. Therefore, Judge Sheppard properly denied appellant's request for credit for time previously served.

The order of the lower court is affirmed.