J-S75038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER HART, | |
| Appellant | No. 1480 EDA 2014 |

Appeal from the Order entered April 2, 2014,
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s): CP-39-CR-0004719-2009
and CP-39-CR-0000563-2010

BEFORE: ALLEN, LAZARUS, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:          **FILED DECEMBER 01, 2014**

Christopher Hart, ("Appellant"), is presently incarcerated because on August 13, 2010, he pled guilty to a multitude of counts of burglary and conspiracy to commit burglary. On October 11, 2010, Appellant was sentenced to an aggregate term of not less than six (6) years nor more than twenty (20) years in prison.

Approximately three and a half years later, on March 17, 2014, Appellant filed a *pro se* "motion for time credit and corrected commitment." On April 2, 2014, the trial court entered an order denying and dismissing Appellant's motion, noting that it lacked authority to act on it. Appellant filed a timely appeal on April 23, 2014. Appellant and the trial court have complied with Pa.R.A.P. 1925(b).

Appellant presents a single issue:

Did the trial court err in denying [Appellant's] *Motion for Time Credit and Corrected Commitment* where it concluded that it did not have jurisdiction to grant the motion?

Appellant's Brief at 7.

Appellant specifically asserts that "the lower court owed [Appellant] credit for time spent in custody (from September 11, 2009 to October 16, 2009) pursuant to the initial burglary charge in this case." *Id.* at 9. Our review of the certified record – particularly the thirty (30) Lehigh County Sentencing Sheets completed and appended to the October 11, 2010 sentencing order – reflects that a box was checked on each sheet which reads "and credit be given you, as required by law, for all time spent in custody, as a result of these criminal charges for which sentence is being imposed." Accordingly, we agree with the trial court that Appellant was "awarded … credit time in these cases" and Appellant "is actually challenging the computation of his sentences by the Department of Corrections (DOC) …" Trial Court Opinion, 5/21/14, at 2. We further agree with the trial court's reasoning:

When a trial court sentences a defendant to state incarceration, the computation of the defendant's sentence, including allowable credit time, is left to the DOC. *See **Barndt v. Department of Corrections,*** 902 A.2d 589 (Pa. Cmwlth. 2006); ***Bright v. Board of Probation and Parole***, 831 A.2d 775 (Pa. Cmwlth. 2003); and 42 Pa.C.S. § 9762.

If one assumes that [Appellant] was accurate in contending that the DOC incorrectly calculated his credit time, this court lacked jurisdiction to remedy any defect. As the Superior Court has noted:

- 2 -

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections (the precursor to the DOC), then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation.
>
> ***Commonwealth v. Perry***, 386 Pa.Super. 534, 537-38, 563 A.2d 511, 512-13 (1989) (internal citations omitted). ***See Commonwealth v. Hollawell***, 413 Pa.Super. 42, 604 A.2d 723 (1992) (explaining the proper course of action for challenging the computation of a sentence by state authorities).

Trial Court Opinion, 5/21/14, at 2-3.

Given the foregoing, we affirm the trial court order denying and dismissing Appellant's motion for time credit and corrected commitment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2014