J-S19012-12

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEKSEY N. MAKSIMOV | |
| Appellant | No. 1414 EDA 2014 |

Appeal from the Order entered March 21, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0000620-2013

BEFORE:  STABILE, JENKINS, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED JUNE 23, 2015**

Appellant, Aleksey N. Maksimov, appeals from the March 21, 2014 order entered in the Court of Common Pleas of Bucks County, denying his motion for credit for time served.  For the reasons that follow, we remand for consideration of Appellant's motion as a first petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.

The facts gleaned from the record reflect that on May 29, 2013, Appellant entered into a negotiated guilty plea on charges filed in two separate criminal informations dated August 31, 2012 and September 8, 2012.  The August 31 charges included stalking (18 Pa.C.S.A. § 2709(a)(1)), intimidation of a witness (18 Pa.C.S.A. § 4952(a)(2)), and related charges; the September 8 charges included escape (18 Pa.C.S.A. § 5121) and terroristic threats (18 Pa.C.S.A. § 2706(a)(3)).  The trial court sentenced

Appellant to a term of not less than one day less than one year to not more than one day less than two years in prison for stalking, concurrent with seven years' probation for intimidation of a witness. The trial court also ordered seven years' probation for escape, consecutive to the sentences stemming from the August 31 charges, and ordered Appellant to have no contact with, *inter alia*, Katie Britton, who filed the report against Appellant leading to the August 31 charges. All of the remaining charges against Appellant were withdrawn or *nolle prossed* with the exception of terroristic threats, for which no further penalty was imposed. Appellant received credit for time served, applied against the sentence for stalking.

On August 26, 2013, Appellant was found in violation of his parole and probation because he contacted Katie Britton from prison. On the stalking conviction, the court sentenced Appellant to serve his back time and he was paroled immediately. Supervision on the count was closed. The court also sentenced Appellant to three to seven years in prison on the intimidation conviction as well as seven years' consecutive probation for escape. The court explained the sentence was "appropriate because Appellant's case was one of the most consistent acts of stalking the [c]ourt had seen, Appellant showed no appreciation for the effect of his actions on the victim, and the [c]ourt was unable to control Appellant's conduct, even at the Bucks County Correctional Facility." Trial Court 1925(a) Opinion, 7/14/14, at 2-3 (citing N.T., 8/26/13, at 95-97).

Appellant filed a motion to reconsider the sentence, contending transfer to a state facility would render him unable to continue therapy treatments for an impulse disorder as he attempted to move on from his relationship with Ms. Britton. The trial court granted Appellant time to produce a mental health evaluation to substantiate his claim. Appellant failed to produce an evaluation in the allotted time. The court denied Appellant's motion for reconsideration of sentence on November 15, 2013. Appellant did not file an appeal from that order.[1]

On February 19, 2014, Appellant filed a *pro se* motion for credit for time served, alleging he was not given credit for the time served from September 8, 2012 until August 26, 2013. The trial court denied the motion by order entered March 21, 2014, explaining Appellant was given credit against his stalking sentence for the period in question.

Appellant filed a *pro se* notice of appeal on April 16, 2014. He also filed an application for appointment of counsel and an application to proceed *in forma pauperis* (IFP). By order dated August 28, 2014, this Court deferred the request for counsel to the trial court and granted Appellant's application to proceed IFP. While the request for counsel was still pending, Appellant filed a *pro se* brief with this Court. Subsequently, the trial court

_____

[1] We note that Appellant's judgment of sentence was final on September 25, 2013, thirty days after imposition of the August 26, 2013 sentence, because the filing of a motion to modify a sentence following a probation revocation does not toll the 30-day appeal period. Pa.R.Crim.P. 708(E).

appointed counsel who entered an appearance with this Court and filed a motion to submit a counseled brief. While counsel's motion was pending, the Commonwealth filed its brief. By order of this Court dated December 19, 2014, we granted the motion to file a counseled brief and struck the briefs filed by Appellant *pro se* and by the Commonwealth. Both parties subsequently filed briefs in accordance with the briefing schedule.

In his counseled brief, Appellant contends the trial court erred by not appointing counsel for Appellant's motion for time credit as a PCRA petition asserting an illegal sentence. In its 1925(a) opinion, the trial court rejected Appellant's contention that counsel should be appointed because other counsel entered an appearance for Appellant on April 10, 2013 and never withdrew, and also because Appellant did not request that counsel be appointed. Trial Court 1925(a) Opinion, 7/14/14, at 4. However, a review of the trial court opinion reveals that the trial court considered the motion simply as a motion for time credit, without regard to whether it was timely filed under 42 Pa.C.S.A. § 5505,[2] and never entertained it as a petition for post-conviction relief. Rather than address the motion in the context of the PCRA, the trial court instead explained that Appellant was not entitled to

---

[2] "**Modification of orders -** Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505.

time for credit served because the time had already been credited against another sentence. Trial Court 1925(a) Opinion, 7/14/14, at 4, 5.

Appellant argues his motion for credit for time served should have been treated as a PCRA petition.[3] "[A]ny petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011). The Commonwealth agrees, stating, "Appellant's claim of entitlement to credit for time spent in custody prior to sentencing, and the [trial] court's failure to award same, is a claim challenging the legality of sentence." Commonwealth Brief at 11 (citing *Commonwealth v. Beck*, 848 A.2d 987 (Pa. Super. 2004)).[4] *See also Commonwealth v. Hollawell*, 604 A.2d 723, 725 (Pa. Super. 1992) (an appellant's challenge to the trial court's failure to award credit for time served prior to sentencing involves legality of sentence).

We agree. The PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including habeas corpus and *coram nobis*." 42 Pa.C.S.A. § 9542. Further,

---

[3] There is no PCRA timeliness issue for the February 28, 2014 motion, which was filed well within one year of September 25, 2013, when Appellant's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). *See* n.1.

[4] While agreeing Appellant's motion should have been treated as a timely first PCRA petition, the Commonwealth contends that, on the merits, the trial court's denial of Appellant's motion was proper. Commonwealth Brief at 9, 10-11.

challenges to the legality of sentence are cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vii); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). As such, as an underlying substantive claim that can potentially be remedied under the PCRA, the claim is exclusive to the PCRA. ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004) (citation omitted).

Appellant's claim of trial court error for failing to award time credit is not the sort of patent, obvious error that expands a trial court's ability to modify a sentence beyond the 30-day time limitation under 42 Pa.C.S.A. § 5505. As our Supreme Court explained in ***Commonwealth v. Borrin***, 80 A.3d 1219 (Pa. 2013), "[w]e have set a high bar for differentiating between errors that may be corrected under the inherent powers of trial court, and those that may not, describing correctible errors as those determined to be patent and obvious mistakes." ***Id.*** at 1227 (citation and quotations omitted). Therefore, because the trial court did not have jurisdiction when the petition was filed, it could not consider the merits of the petition as a motion to correct the credit for time served. Instead, the trial court should have entertained it as a timely first PCRA petition, challenging the legality of sentence.

Because Appellant's petition should have been considered a PCRA petition, we vacate the trial court's March 21, 2014 order and remand for

appointment of PCRA counsel and further proceedings under the PCRA consistent with this Memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015