J-S71028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHARLES STANLEY | |
| Appellant | No. 959 EDA 2016 |

Appeal from the PCRA Order March 8, 2016
In the Court of Common Pleas of Delaware County
Criminal Division, at No(s): CP-23-CR-0005974-2004

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.                    **FILED OCTOBER 31, 2016**

Charles Stanley ("Appellant") appeals from the order denying as untimely filed his most recent petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. In dismissing a previously filed "Petition Seeking Correction of Sentence – Credit for Time Served," the court correctly instructed Appellant that if he thought the Bureau of Corrections erroneously computed his sentence the appropriate vehicle for redress would be to file an original action in the Commonwealth Court challenging the Bureau's computation. ***See*** Order, 9/29/15, at 1. ***See also Commonwealth v. Perry***, 563 A.2d 511, 513 (Pa. Super. 1989) (explaining that a challenge to the Department of Corrections' computation or construction of sentence is

_____

[*] Former Justice specially assigned to the Superior Court.

not actionable under the PCRA); 42 Pa.C.S.A. § 761(a)(1). In so holding, the court acknowledged that Appellant's sentencing order indicated he should receive credit for time served "as he is entitled to by the laws of the Commonwealth of Pennsylvania." Order, 9/29/15, at 1.

Our review of the record confirms no ambiguity in the sentence. **See generally Commonwealth v. Heredia**, 97 A.3d 392, 395 (Pa. Super. 2014) (explaining it is only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law that a challenge to the sentence is deemed cognizable as a due process claim under the PCRA).

Although Appellant confirmed with the Bureau of Corrections that he did not receive any credit, he filed another PCRA petition in this Court rather than an original action in the Commonwealth Court. Appellant needs to seek relief in the Commonwealth Court. **See Commonwealth v. Hollawell**, 604 A.2d 723, 725 (Pa. Super. 1992) ("It is well-settled that if an alleged sentencing error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, the appropriate recourse would be an original action in the Commonwealth Court challenging the Bureau's computation.")

Thus, because Appellant's claim is not cognizable under the PCRA, we affirm the order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/31/2016