J-S05015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN LEE LAUVER, | |
| Appellant | No. 1228 MDA 2016 |

Appeal from the Judgment of Sentence June 23, 2016
in the Court of Common Pleas of Perry County
Criminal Division at Nos.: CP-50-CR-0000006-2013
CP-50-CR-0000042-2013
CP-50-CR-0000186-2011
CP-50-CR-0000187-2011
CP-50-CR-0000407-2009
CP-50-CR-0000409-2009

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY PLATT, J.:

**FILED: APRIL 18, 2017**

I respectfully concur in part and dissent in part.

I agree with the learned Majority on remand to the sentencing court for a credit of ten days (for time served from January 17, 2014 to January 27, 2014).  (**See** Majority at *3; **see also** Trial Court Opinion, 9/29/16, at unnumbered page 3; Commonwealth's Brief, at 4).  I also agree that under well-settled authority a claim of credit for time served challenges the legality of sentence and cannot be waived.

---

[*] Retired Senior Judge assigned to the Superior Court.

However, I respectfully disagree with the Majority's decision to let Appellant present evidence regarding his claim of credit for an additional 133 days of time served. (**See** Majority, at *3).

Primarily, in my view, the trial court's point-by-point explanation, for each date range claimed, with docket numbers, of why Appellant is not entitled to additional credit for time served, is more than sufficient to dispose of Appellant's claims. (**See** Trial Ct. Op., at unnumbered page 3).

Moreover, I would hold Appellant's argument to be waived for failure of development. **See** Pa.R.A.P. 2119(a), (b). Appellant merely makes the bald assertion that "he was incarcerated a number of times on the same charge to the tune of 133 days."[1] (Appellant's Brief, at 12). Aside from caselaw for general principles not in dispute, Appellant offers no authority in support of his claims. (**See id.** at 10-12).

Also, I respectfully disagree with the learned Majority's rationale. The Majority justifies its remand for a new evidentiary hearing by stating that "no evidence was presented at Appellant's initial sentencing hearing regarding his credit-for-time-served issue." (Majority at 3).

The explanation for why no evidence was presented is simple. At sentencing (after prior failures to appear), Appellant was seeking immediate

_____

[1] Appellant had previously identified the enumerated date ranges. (**See** Appellant's Brief, at 10). The trial court responded to each date range specified. (**See** Trial Ct. Op., at unnumbered page 3).

- 2 -

work release. (**See** N.T. Sentencing, 6/23/16, at 3). Post-sentence, he sought a sentence of time served and release on probation. (**See** Post Sentencing Motion, 7/05/16). Apparently only after these efforts failed, Appellant raised the time credit issue with his counsel.[2]

In any event, an appellant claiming credit for time served has the burden to prove his entitlement to credit for any particular period. Appellant may have avoided waiver once for his belated claim, but I see no justification to give him a fourth bite of the apple because he declined to develop the issue either at sentencing, in his post-sentence motion, or in his appellate brief. Finally, giving Appellant credit for time served on unrelated crimes would give him a windfall. "This Court does not deal in 'volume discounts.'" **Commonwealth v. Hollawell**, 604 A.2d 723, 726 (Pa. Super. 1992)

Accordingly, I respectfully concur in part and dissent in part.

_____

[2] "Said credit was not referenced to [sic] at the re-sentencing as it was presented to counsel after the fact." (Appellant's Brief, at 7).

- 3 -