J-S10036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS GUILFORD | |
| Appellant | No. 1534 EDA 2016 |

Appeal from the Judgment of Sentence dated April 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000322-2015

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.: **FILED MAY 09, 2017**

Appellant, Thomas Guildford, appeals from the judgment of sentence imposed by the trial court after it convicted him of illegal possession of a firearm, carrying a firearm without a license, and illegally carrying a firearm in public in Philadelphia.[1] We affirm Appellant's convictions, but vacate the judgment of sentence.

The trial court summarized the factual background underlying Appellant's convictions as follows:

> On November 26, 2014, Philadelphia Police Officers Tritz and D'Alesio received a radio call concerning a light blue two-door vehicle casing a jewelry store in the shopping strip mall near City Line and Haverford Avenues. The officers observed a car fitting that description pulling out of that location with its center brake light malfunctioning. When the officers activated their lights, the vehicle fled, making several quick turns and

---

[1] 18 Pa.C.S. §§ 6105, 6106 and 6108, respectively.

striking two parked cars on the south side of Brentwood Road and then crashing into a parked car on the other side of Brentwood Road. During this car chase, [Appellant] could be observed in the back seat, removing the Muslim garb in which he was dressed. At that time, [Appellant] – the rear seat passenger of his two door sedan, jumped out of the vehicle and ran westbound on Brentwood Road. [Appellant] was captured in the middle of the block by two other responding patrolmen. Officers Tritz and D'Alesio took the driver and front seat passenger into custody, observing as they did, a loaded silver Colt semiautomatic handgun on the rear seat passenger-side floorboard, where [Appellant] had been seated. From the front passenger seat floorboard a handgun was recovered [and] later determined to be a BB gun. Rubber surgical gloves were found on the floor beneath the driver. Also retrieved from the back seat was the Muslim garb [Appellant] was seen removing during the car chase. It was later determined that [Appellant] was the owner of the fleeing vehicle. The prosecution submitted a Certificate of Non-Licensure as well as a criminal extract showing that [Appellant] was not licensed as well as ineligible to possess the weapon.

Trial Ct. Op., 7/18/16, at 3 (citations to notes of testimony omitted).

Appellant was charged with the aforementioned firearms violations and convicted following a December 9, 2015 bench trial. On April 22, 2016, the trial court sentenced him to 5 to 10 years' incarceration for illegally possessing a firearm, with a consecutive 5 years' probation for carrying a firearm without a license, and a concurrent 5 years' probation for illegally carrying a firearm in public in Philadelphia. He filed a motion for reconsideration of sentence on April 29, 2016 in which he asserted that his convictions were against the sufficiency and the weight of the evidence and his sentence was excessive. Before the trial court ruled on his motion for

- 2 -

reconsideration of sentence, Appellant filed a notice of appeal.[2] On May 21, 2016, the trial court denied Appellant's motion for reconsideration of sentence. That same day, the trial court ordered Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied by filing a statement which in its entirety reads:

> STATEMENT OF ERRORS COMPLAINED OF ON APPEAL PURSUANT TO
> Pa.R.A.P. 1925(b)
>
> I.  Whether the weight of the evidence was enough to sustain a conviction pursuant to Rule 607. The evidence was not sufficient to sustain a conviction pursuant to Rule 606 and the weight of the evidence was not enough to sustain a conviction pursuant to Rule 607.
>
> II. The Trial Court erred by imposing an "excessive sentence" violating the Pennsylvania Sentencing Code, 42 Pa. C.S. § 9701 et seq. by not following the general principle that the sentence imposed should call for 1) confinement consistent with the protection of the public, 2) the gravity of the offense as it relates to the impact on the life of the victim; and 3) the rehabilitative needs of the defendant, and amounted to an abuse of discretion. See, 42 Pa. C.S. § 9721(B).

Statement of Errors and Matters Complained of Pursuant to Pa.R.A.P. 1925(b), 6/13/16.

---

[2] Although the trial court did not enter its order denying Appellant's motion for reconsideration of sentence until May 31, 2016, Pa.R.A.P. 905(a)(5) provides "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."

Conversely, in his appellate brief, Appellant presents the following three issues:

1. Whether the Court improperly denied the defense Motion to Dismiss pursuant to 600(A)(2)(a)?

2. Whether the Court improperly denied the defense Motion to Suppress Arrest and Evidence?

3. Whether there is needed a Correction of Sentence for Credit for Time Served?

Appellant's Brief at 7.

The three issues briefed and argued by Appellant on appeal are absent from his Pa.R.A.P. 1925(b) statement.[3] Clearly the first two issues – asserting errors pertaining to Rule 600 and suppression – are being raised for the first time, as shown by the certified record as well as the trial court's Rule 1925(a) opinion discussing the sufficiency and weight issues set forth in Appellant's Rule 1925(b) statement. **See** Trial Ct. Op., 7/18/16, at 4-6. The Rules of Appellate Procedure state unequivocally that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this [Rule 1925] (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Smith**, 917 A.2d 848, 855 (Pa. Super. 2007), **citing Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998) (allegation not contained in appellant's court-ordered Rule 1925(b) statement of matters complained of on appeal is waived for purposes of appeal). The Rule

---

[3] Appellant has had the same counsel throughout this case.

requiring a defendant to provide a trial court with a statement identifying in a concise manner the issue sought to be pursued on appeal is intended to aid trial judges in identifying and focusing upon those issues which the defendant plans to raise on appeal, **and thus is a crucial component of the appellate process**. **Commonwealth v. Lemon**, 804 A.2d 34, 36-37 (Pa. Super. 2002). For these reasons, we are constrained to conclude that we cannot review Appellant's first two issues as they have not been properly preserved and are therefore waived.

With regard to Appellant's third issue asserting that he is entitled to sentencing credit for time served, we note that in his motion for reconsideration, in addition to raising the sufficiency and weight of the evidence, Appellant asked the trial court to consider a reduced, county sentence; he did not mention credit for time served. Mot. for Reconsideration of Sentence, 4/29/16, at 3-4. Also, Appellant has failed to include a Pa.R.A.P 2119(f) statement in his brief relative to allowance of appeal from the discretionary aspects of his sentence. Nonetheless, his claim for credit for time served cannot be waived because it "goes to the legality of [Appellant's] sentence." **See** Commonwealth's Brief at 19, **citing Commonwealth v. Hollawell**, 604 A.2d 723, 725 (Pa. Super. 1992) (failure to award credit for time-served implicates the legality of a sentence). **See also Commonwealth v. Davis**, 852 A.2d 392, 399 (Pa. Super. 2004) ("An attack upon the court's failure to give credit for time served is an attack

upon the legality of the sentence and cannot be waived"), *appeal denied*, 868 A.2d 1197 (Pa. 2005).

The Commonwealth states that "[a] thorough review of the record reveals that [Appellant] requested a time-credit in his counsel's sentencing recommendation but that the trial court did not declare the grant of the credit during the imposition of his sentence or incorporate a reference to a time-credit in his sentencing order (N.T. 4/22/16, 9) ('My argument on him is that, Your Honor, that he be credited for time served')." Commonwealth's Brief at 19. The Commonwealth adds that it "would not have opposed a remand for the limited purpose of amending [Appellant's] sentencing order to reflect his entitlement to any applicable credit for time-served." *Id.* at 20. In view of the foregoing, we vacate Appellant's judgment of sentence and remand for the trial court to issue a sentencing order which takes into account Appellant's entitlement to credit for time served.

In sum, we affirm Appellant's convictions because he has failed to preserve his first and second issues for appellate review. With respect to Appellant's third issue, we vacate the judgment of sentence and remand solely for the court to impose a judgment of sentence which reflects Appellant's entitlement to credit for time served.

Judgment of sentence vacated. Case remanded for the limited purpose stated in this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/2017