J-S15038-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE TARON JACKSON | : | |
| | : | |
| Appellant | : | No. 1396 WDA 2018 |

Appeal from the PCRA Order Entered August 30, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0003292-2015

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    FILED APRIL 24, 2019

Appellant, Maurice Taron Jackson, appeals from the order entered in the Erie County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinions, the PCRA court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[2]

Appellant raises one issue for our review:

WHETHER THE [PCRA] COURT ABUSED ITS DISCRETION IN

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The court denied PCRA relief on August 30, 2018.  Appellant timely filed a notice of appeal on September 26, 2018.  On October 3, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on October 17, 2018.

_____
*   Retired Senior Judge assigned to the Superior Court.

FAILING TO GRANT PCRA RELIEF PREDICATED ON A CLAIM
OF THE DEPRIVATION OF PROPER TIME CREDIT?

(Appellant's Brief at 2).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Daniel J. Brabender, Jr., we conclude Appellant's issue merits no relief. The PCRA court opinions comprehensively discuss and properly dispose of the question presented. (See Rule 907 Notice Opinion, filed May 23, 2018, at 2-3; Rule 1925(a) PCRA Court Opinion, filed October 22, 2018, at 1-2) (finding: record belies Appellant's claim; at sentencing, court expressly stated it awarded Appellant credit for time served; to extent that Department of Corrections is improperly computing amount of time credit due, Appellant's remedy is to pursue original action in Commonwealth Court). Accordingly, we affirm on the basis of the PCRA court's opinions.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/24/2019

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: OF ERIE COUNTY, PENNSYLVANIA
v. : CRIMINAL DIVISION

MAURICE TARON JACKSON, APPELLANT : NO. 3292 of 2015

## OPINION

Appellant, Maurice Taron Jackson, filed a Notice of Appeal from the Order of August 30, 2018, dismissing his Motion for Post Conviction Collateral Relief ("PCRA"). Appellant filed a Rule 1925(b) Statement of Matters Complained of on Appeal on October 17, 2018. This Opinion is in response thereto.

## APPELLANT'S CLAIMS

Appellant claims he was never afforded credit for time served when he was arrested in the State of Illinois on a fugitive warrant. Appellant claims this Court committed an abuse of discretion and imposed an illegal sentence for failure to afford Appellant credit for time served. In the PCRA, Appellant claimed he was not afforded credit for time served and, if credit for time served was afforded, the Department of Corrections is incorrectly computing the credit for time served.

Both of the these claims were addressed in the Notice of Intent to Dismiss PCRA of May 23, 2018, incorporated by reference as though fully set forth herein. Appellant's first contention that he was not afforded credit for time served is factually unsupported. At sentencing, this Court stated: "We'll give him credit for his time served since he has been incarcerated [going back to ... October - - at Cook County, Illinois]. *Sentencing Transcript, March 24, 2016, pp. 11, 12.* Thus, the claim is belied by the record.

Appellant claims an illegal was sentence was imposed by the Court as the Department of Corrections is incorrectly computing the credit for time served. As discussed in the Notice of

1

Intent to Dismiss PCRA, Appellant's remedy is to pursue an original action with the Commonwealth Court. "It is well-settled that if an alleged sentencing error is thought to be the result of an *erroneous computation* of sentence by the Bureau of Corrections, the appropriate recourse would be an original action in the Commonwealth Court challenging the Bureau's computation." *Commonwealth v. Hollawell*, 604 A.2d 723, 725 (1992). This appellate claim is meritless.

## CONCLUSIONS

For the reasons set forth herein and in the Notice of Intent to Dismiss PCRA of May 23, 2018, this appeal is without merit and must be dismissed.

The Clerk of Records is directed to transmit the record.

BY THE COURT:

DATE: 10/19/2018

DANIEL J. BRABENDER, JR., JUDGE

cc: District Attorney's Office
William J. Hathaway, Esq., 1903 West 8th St., PMB #261, Erie, PA 16505

2

COMMONWEALTH OF PENNSYLVANIA    :   IN THE COURT OF COMMON PLEAS
                                       :   OF ERIE COUNTY, PENNSYLVANIA
                                       : 
                 v.                 :   CRIMINAL DIVISION
                                         : 
MAURICE TARON JACKSON,          : 
               PETITIONER    :   NO. 3292 of 2015

## NOTICE OF INTENT TO DISMISS PCRA PURSUANT TO PA.R.CRIM.P. 907

AND NOW, to-wit, this 22nd day of May, 2018, upon remand by the Superior Court,

and after an independent review of the record including Petitioner's *pro se* Motion for Time

Credit *Nunc Pro Tunc* filed January 19, 2017, treated as Petitioner's first petition for post-

conviction collateral relief, and the Supplement to Motion for Post-Conviction Collateral Relief

filed April 16, 2018 by PCRA counsel, Petitioner's sentencing claim shall be dismissed as not

cognizable under the PCRA. Because the claim can be addressed based upon the existing record,

there is no need for an evidentiary hearing.

## BACKGROUND

The matter came before the Superior Court on the *pro se* appeal from this Court's May

23, 2017 order denying the Motion for Reconsideration of Sentence Nunc Pro Tunc (filed May

17, 2017). Reconsideration had been sought from the order of March 1, 2017 denying the

Motion for Reconsideration Nunc Pro Tunc (filed February 21, 2017).

On March 6, 2018, the Superior Court remanded the case for the appointment of counsel.

The Superior Court directed PCRA counsel was to either file an amended PCRA motion dating

back to an unresolved *pro se* Motion for Time Credit Nunc Pro Tunc filed January 19, 2017, or comply with the mandates of *Turner/Finley*.[1]

The background of the case as further set forth in the Superior Court's unpublished memorandum decision filed March 6, 2018 at 977 WDA 2017 is incorporated herein by reference as though set forth at length.

On March 16, 2018, this Court appointed William J. Hathaway, Esquire, as PCRA counsel who filed a Supplement to Motion for Post-Conviction Collateral Relief on April 16, 2018.

## DISCUSSION

On February 4, 2016, Maurice Taron Jackson, Petitioner, entered a negotiated guilty plea before the Honorable John Garhart to Count 1, Corrupt Organizations, and Count 3, Possession With Intent to Deliver.[2] On March 24, 2016, Petitioner was sentenced by the undersigned within the standard range of the sentencing guidelines to an aggregate of four to ten years of incarceration as follows:

> Count 1: Corrupt Organizations - 12 months to 36 months of incarceration with 326 days of credit for time served, and
>
> Count 3: Possession With Intent to Deliver - 36 months to 84 months of incarceration, consecutive to Count 1.

In the *pro se* Motion filed January 19, 2017, Petitioner averred the Department of Corrections failed to award Petitioner credit at this docket for time served in Illinois from October 29, 2014 to May 4, 2015. In the supplemental PCRA filed April 16, 2018, PCRA counsel incorporated by reference the averments of the *pro se* PCRA of January 19, 2017, and

---

[1] *See Commonwealth v. Jackson,* Unpublished Memorandum filed March 6, 2018 at 977 WDA 2017.

[2] 18 Pa.C.S.A. §911(b)(3) and 35 P.S. §780-113(a)(30), respectively.

asserted the failure to award credit for time served from October 29, 2014 to May 4, 2015 resulted in the imposition of an illegal sentence.

The premise of the claims is the Court failed to award credit for time served. The premise is fundamentally incorrect. The Court awarded Petitioner credit for time served since he was incarcerated. *See Sentencing Order, March 24, 2016; Transcript of Sentencing Proceedings held March 24, 2016 (Sentencing Tr.), pp. 11-12.*

PCRA counsel's reliance upon *Commonwealth v. Hollawell,* 604 A.2d 723 (Pa.Super. 1992) and *Commonwealth v. Diamond,* 546 A.2d 628 (Pa.Super. 1988) is misplaced. The issue presented in this case is not whether credit for time served was awarded, but rather, is whether credit for time served was properly computed and/or properly allocated to a particular case or docket. This is a matter for the Department of Corrections or the Commonwealth Court to address. This is not a claim cognizable by the PCRA.

The erroneous computation of sentence by the Department of Corrections does not render the sentence an illegal sentence subject to challenge in a post-conviction proceeding. *Commonwealth v. Perry,* 563 A.2d 511, 512-513 (Pa.Super. 1989). "It is well-settled that if an alleged sentencing error is thought to be the result of an *erroneous computation* of sentence by the Bureau of Corrections, the appropriate recourse would be an original action in the Commonwealth Court challenging the Bureau's computation." *Commonwealth v. Hollawell,* 604 A.2d at 725.

3

## CONCLUSION

For the foregoing reasons, the Petitioner's claim concerning the computation of time served is not a cognizable claim under the PCRA and Petitioner is not entitled to relief under the PCRA.

Petitioner is hereby put on notice that his Motion for Post Conviction Collateral Relief will be dismissed after twenty (20) days from the date of this Notice. Within this same time period, Petitioner shall have the right to file any Objections to this Notice.

**BY THE COURT:**

**Daniel J. Brabender, Jr., Judge**

cc: District Attorney's Office
William J. Hathaway, Esq., PMB # 261, 1903 West Eighth Street, Erie, PA 16505
Marice Taron Jackson, Inmate No. ML5936, SCI Albion, 10745 Route 18, Albion, PA 16475-0001 **LEGAL MAIL**

4