J-S02010-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT DAVID JOHNSON | : | |
| | : | |
| Appellant | : | No. 1552 MDA 2019 |

Appeal from the Order Entered August 30, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000624-1986

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                FILED MARCH 18, 2020

Appellant, Scott David Johnson, appeals pro se from the trial court's August 30, 2019 order denying his petition for writ of habeas corpus, in which he claimed that the Pennsylvania Department of Corrections (DOC) erroneously computed the expiration date of his maximum term of incarceration.  After careful review, we affirm.

Following a jury trial in 1987, Appellant was convicted of rape, involuntary deviate sexual intercourse (IDSI), indecent assault, burglary, two counts of robbery, theft by unlawful taking, receiving stolen property, prohibited offensive weapons, and terroristic threats.  On November 4, 1987, he was sentenced as follows:

Count 1 - Rape - 5 to 15 years;

Count 2 - IDSI - 5 to 15 years, concurrent to Count 1;

* * *

>    Count 4 - Burglary - 5 to 15 years[,] consecutive to Counts 1 and 2;
>
>    Count 5 - Robbery - 5 to 15 years[,] consecutive to count 4;
>
>    Count 6 - Theft by Unlawful Taking - 5 to 15 years[,] concurrent with Count 5 and consecutive to Count 4;
>
>    * * *
>
>    Count 9 - Prohibited Offensive Weapons - 1 to 5 years[,] concurrent with Counts 5 an d6 and consecutive to Count 4;
>
>    Count 10 - Terroristic Threats - 1 to 5 years[,] concurrent with Counts 5, 6, and 9, and consecutive to Count 4

Trial Court Opinion (TCO), 10/15/19, at 2 (unnumbered; footnotes omitted). In sum, Appellant's aggregate term of incarceration was 15 to 45 years.

On January 25, 1988, the trial court vacated Appellant's sentences at Counts 1 and 6, but his aggregate term of incarceration remained the same. Appellant filed a timely direct appeal, and we affirmed his judgment of sentence on August 24, 1988. See Commonwealth v. Johnson, No. 03235 PHL 1987, unpublished memorandum (Pa. Super. filed Aug. 24, 1988). Over the ensuing years, Appellant filed multiple petitions for writs of habeas corpus, as well as petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, all of which were denied.

On August 30, 2018, Appellant filed the instant, pro se petition for writ of habeas corpus. He contended in his petition that the DOC erroneously interpreted his sentences at certain counts to be consecutive, rather than concurrent, resulting in the DOC's applying an incorrect expiration date for his

maximum sentence. See Petition for Writ of Habeas Corpus, 8/30/18, at 3 ¶ 7; id. at 4 ¶ 9. On August 30, 2019, the trial court denied Appellant's petition. He filed a timely, pro se notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On October 15, 2019, the trial court issued its Rule 1925(a) opinion.

Herein, Appellant states two issues for our review:

1. Did the trial court commit legal error and/or abuse its discretion when it denied [Appellant] habeas corpus relief after the trial court record established by clear and convincing evidence that his present confinement was not authorized because the maximum sentence imposed upon him under the November 4, 1987, sentencing structure of the trial court had lawfully expired on June 25, 2016[?]

2. Did the modification of the November 4, 1987, court[-]imposed sentencing structure for Counts 2, 9, and 10 from concurrent to consecutive without court authority by the [DOC] unlawfully extend the maximum release date of [Appellant] from June 25, 2016, to June 25, 2021[,[1]] warrant[ing] habeas corpus relief as a violation of the Eight and Fourteenth Amendments to the Pennsylvania and United States Constitutions[?]

Appellant's Brief at 4.

Appellant's issues are related and, therefore, we address them together. Essentially, he contends that the DOC is erroneously calculating his maximum-sentence date by considering certain of his counts as running consecutively,

_____

[1] While Appellant states that the DOC has set his maximum-sentence date as June 25, 2021, the DOC forms he attaches to his appellate brief indicate a maximum-sentence date of June 25, 2031. See, e.g., Appellant's Brief at Exhibit D. This discrepancy is not dispositive of our resolution of Appellant's appeal.

when the sentencing order directs that they run concurrently. Appellant indicates that the DOC's error in calculating his sentence stemmed from the court's vacating his sentences at Counts 1 and 6, which Appellant seemingly believes lowered his aggregate term of incarceration. Because the DOC is considering Appellant's aggregate, maximum term of incarceration to still be 45 years, Appellant insists that the DOC is misinterpreting the court's sentencing order and illegally extending his maximum term of incarceration.

The trial court concluded that it lacked jurisdiction to consider Appellant's petition for writ of habeas corpus because he is clearly challenging the DOC's computation of his sentence. See TCO at 3 (unnumbered) (citing Commonwealth v. Hollawell, 604 A.2d 723, 725 (Pa. Super. 1992) (stating that "if an alleged sentencing error is thought to be the result of an erroneous computation of sentence by the [DOC], the appropriate recourse would be an original action in the Commonwealth Court challenging the [DOC's] computation") (emphasis in original)). The court explained that "[t]he proper course of action in the instant matter is a mandamus action in the Commonwealth Court." Id. (citing Saunders v. Com., Dept. of Corrections, 749 A.2d 553, 554-55 (Cmwlth. Ct. 2000) (concluding that Saunders properly filed a writ of mandamus in the Commonwealth Court to challenge the DOC's computation of his dates of confinement pursuant to 42 Pa.C.S. § 761(c))).

Based on the legal authority cited by the trial court, we agree that it lacked jurisdiction to resolve Appellant's issues with the DOC's calculation of

- 4 -

his sentence. Appellant must raise those claims in a mandamus action filed in the Commonwealth Court.[2]  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2020

---

[2] We note, however, that the DOC does not appear to have erred in setting Appellant's maximum-sentence date as June 25, 2031.  Contrary to Appellant's argument, the fact that his sentences at Counts 1 and 6 were vacated did not result in the vacation of his sentence at Count 2.  Instead, that sentence of 5 to 15 years' incarceration remains, and the sentence of 5 to 15 years' incarceration imposed at Count 4 runs consecutively to it.  Because the sentence of 5 to 15 years imposed at Count 5 runs consecutively to the sentence at Count 4, Appellant's aggregate sentence is still 15 to 45 years' incarceration.  Factoring in 497 days of credit for time Appellant served prior to his November 4, 1987 sentencing hearing results in his maximum sentence expiring on June 25, 2031.  Therefore, even if the trial court had jurisdiction to review Appellant's petition for writ of habeas corpus challenging the DOC's calculation of his maximum-sentence date, we would discern no error in the court's denying it.