J-S11010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LONNIE LATHAM | |
| Appellant | No. 697 WDA 2020 |

Appeal from the Judgment of Sentence November 25, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0007727-2019

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LONNIE LATHAM | |
| Appellant | No. 698 WDA 2020 |

Appeal from the Judgment of Sentence November 25, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0007718-2019

BEFORE:  STABILE, J. KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                  **FILED: MAY 20, 2021**

Appellant, Lonnie Latham, appeals from his judgment of sentence dated

November 25, 2019 for two robbery convictions in the above-captioned

---

[*] Retired Senior Judge assigned to the Superior Court.

cases,[1] made final by an order denying post-sentence motions on June 24, 2020. Appellant argues that the trial court erred by failing to give him credit for the time he was incarcerated in a juvenile facility (June 21, 2019 through November 21, 2019), prior to sentencing in the robbery cases. We agree with the trial court that Appellant is not entitled to credit, and affirm.

Appellant was born on November 9, 1999. On May 21, 2019, when Appellant was nineteen years old, he committed two separate robberies. At the time of these robberies, Appellant was on juvenile probation for unrelated charges (possession of a controlled substance, resisting arrest and disorderly conduct) ("the juvenile case"). According to the affidavit of probable cause underlying his arrest for the second robbery, Appellant was arrested under a juvenile attachment on May 28, 2019.

Appellant was charged with one robbery on June 17, 2019, and the second robbery one week later at a separate docket. The robberies were treated as adult criminal cases from their inception.[2]

---

[1] We consolidated these cases *sua sponte* on July 27, 2020.

[2] The record does not identify the reasons for this treatment, but two reasons seem readily apparent. First, Appellant was nineteen years old at the time of the robberies and thus was no longer a child subject to the Juvenile Act. **See** 42 Pa.C.S.A. 6302 (defining "child" as individual under the age of eighteen or under the age of twenty-one who committed delinquent act before reaching age eighteen). Second, the two robberies were committed with handguns, thus falling outside the jurisdiction of the Juvenile Act. **See id.** (definition of delinquent act excludes robberies committed with deadly weapon by child fifteen years of age or older).

In a disposition hearing order entered on July 2, 2019, the Juvenile Court ordered Appellant committed to a juvenile facility as of June 21, 2019.

On October 17, 2019, Appellant entered a negotiated plea in which he pleaded guilty to the robberies at both docket numbers. On November 21, 2019, the Juvenile Court issued an order terminating its supervision over Appellant in the juvenile case.

On November 25, 2019, the trial court sentenced Appellant to a total period of imprisonment of one to two years followed by three years' probation. The court gave Appellant credit for five days served from November 21, 2019 through the date of sentencing.

On December 4, 2019, Appellant filed timely post-sentence motions seeking credit for the time he spent at the juvenile facility from June 21, 2019 until November 21, 2019. On June 24, 2020, Appellant's motions were denied by operation of law. Appellant filed timely notices of appeal at both docket numbers, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal: "Did the trial court err when it failed to give [Appellant] credit for time spent in a secured juvenile placement facility when considering his sentence?" Appellant's Brief at 3.

A challenge to the trial court's failure to award credit for time spent at custody prior to sentencing involves the legality of sentence. *Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super. 2007). Issues related to the legality of a sentence are questions of law for which our standard

of review is *de novo*.  **Commonwealth v. Gibbs**, 181 A.3d 1165, 1166 (Pa.

Super. 2018).

> 42 Pa.C.S.A. § 9760, entitled "Credit For Time Served," provides:
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.  Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> (2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts.  This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.
>
> (3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

**Id.**

Appellant argues that he is entitled to credit for time served in the juvenile facility under Section 9760(1). This subsection contains two elements: the time must be "spent in custody," and the time must be "as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." Neither the trial court nor the Commonwealth disputes that Appellant was "in custody" during his time in the juvenile facility. Accordingly, we assume that Appellant satisfies this element of Section 9760(1).

Appellant claims that he fulfills the second element of Section 9760(1) because he served his time in the juvenile facility from June 21, 2019 through November 21, 2019 "as the result of" the robberies for which he was sentenced. We disagree. Appellant served this time in the juvenile facility due to the Juvenile Court's July 2, 2019 order committing him to a juvenile facility as of June 21, 2019 for violating his probation in the juvenile case. The juvenile case did not conclude until November 21, 2019, the date the Juvenile Court terminated its supervision over Appellant.[3] The credit for time served in the juvenile facility belonged to the juvenile case, not the present criminal cases.

---

[3] The criminal court awarded Appellant credit for time served between November 21, 2019 and November 25, 2019 because the Juvenile Court terminated its supervision on November 21, 2019. Following the termination order, the only cases for which Appellant was serving time were his adult criminal cases.

Moreover, this time could not be credited to both his juvenile case and his criminal cases. *Commonwealth v. Hollawell*, 604 A.2d 723 (Pa. Super. 1992). In *Hollawell*, the Commonwealth filed charges against the defendant for bribery, perjury, conspiracy, and solicitation. On the same date, the Commonwealth filed charges against the defendant at a second docket number for corrupt organizations. The charges at the second docket arose from a different set of facts than the charges at the first docket. In the latter case, the defendant was convicted of corrupt organizations and other offenses and sentenced to five to 20 years' imprisonment. The court gave the defendant credit for all time spent in custody as a result of these charges. Subsequently, in the former case, the defendant pled guilty to the charges and was sentenced to 18-36 months' imprisonment, to be served consecutively to his sentence in the corrupt organizations case.

On appeal, the defendant argued that his time spent in custody prior to sentencing should have been credited toward the sentences in both cases because his incarceration was "the direct result" of the charges filed in both cases. This Court rejected the defendant's argument, reasoning that under Section 9760(1), "[t]he absurdity of [the defendant's position] is clear" because it would allow him to "receive a windfall on sentencing for a completely unrelated crime." *Id.* at 725-26. Noting that "[t]his [C]ourt does not deal in volume discounts," we held that once the court in the corrupt organizations case credited the defendant for the time previously served, his

time in custody was no longer "a result of" the charges brought in the other case. *Id.* at 726.

An analogous result occurs here. The Juvenile Court had jurisdiction to order Appellant incarcerated for violating his probation in the juvenile case. 42 Pa.C.S.A. § 6324(5) ("A child may be taken into custody . . . [b]y a law enforcement officer or duly authorized officer of the court if there are reasonable grounds to believe that the child has violated conditions of his probation"). Since the Juvenile Court ordered Appellant's incarceration, his incarceration in the juvenile facility was "a result of" his juvenile case. It would be an unjust windfall to award Appellant credit for this time in his criminal cases.

Appellant's reliance on **Commonwealth v. Nobles**, 198 A.3d 1101 (Pa. Super. 2018), is misplaced. There, a juvenile was incarcerated in a juvenile facility, and a delinquency petition was filed alleging that he committed, among other things, firearms offenses. Subsequently, the charges were changed to adult offenses, and he was sentenced as an adult to a term of imprisonment. The trial court declined his request to credit him for time served in the juvenile facility. We held that the time served in the juvenile facility satisfied the "as a result of" charge under Section 9760(1), because it was directly related to the criminal charge for which the defendant was ultimately sentenced.

In contrast to the present case, the time spent in the juvenile facility in *Nobles* was not just "directly related" to the criminal charge for which the defendant was sentenced, it was **solely** related. In other words, the defendant in *Nobles* faced only one set of charges, and it was on those charges that he was confined in the juvenile detention center. Here, Appellant had separate cases, one of which was a juvenile proceeding. Between June 21, 2019, and November 21, 2019, Appellant was in the juvenile facility because of the probation violation in his juvenile case, not because of his criminal cases. Because Appellant's placement in the juvenile facility arose from an entirely separate case than the robberies at issue herein, *Nobles* is inapposite.

For these reasons, we conclude that the trial court correctly denied Appellant credit for time served in the juvenile facility.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2021