J-S28010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT WALTER WILLIAMS, JR. | : | |
| | : | |
| Appellant | : | No. 1736 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 10, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001390-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT WALTER WILLIAMS, JR. | : | |
| | : | |
| Appellant | : | No. 1737 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 10, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001391-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT WALTER WILLIAMS, JR. | : | |
| | : | |
| Appellant | : | No. 1738 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 10, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002079-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S28010-19

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>ROBERT WALTER WILLIAMS, JR.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 1739 MDA 2018</td></tr>
</table>

Appeal from the Judgment of Sentence Entered May 10, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002485-2014

<table>
<tr><td>COMMONWEALTH OF PENNSYLVANIA</td><td>:</td><td>IN THE SUPERIOR COURT OF</td></tr>
<tr><td></td><td>:</td><td>PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>ROBERT WILLIAMS</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 1740 MDA 2018</td></tr>
</table>

Appeal from the Judgment of Sentence Entered May 10, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0006293-2014

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:          **FILED: AUGUST 22, 2019**

Robert Williams appeals from the judgment of sentence of an aggregate sentence of twenty-four months to sixty months of incarceration, imposed following a resentencing hearing for multiple convictions at five different cases.  After careful review, we affirm.

The trial court summarized the relevant procedural history as follows:

On July 9, 2015, the Appellant pled guilty at [five separate] dockets.  At docket 1390, Appellant pled guilty to fleeing or

---

* Retired Senior Judge assigned to the Superior Court.

- 2 -

attempting to elude officer, recklessly endangering another person, DUI: [c]ontrolled [s]ubstance – schedule 1 (1st offense), possession of a controlled substance, and driving while BAC .02 or greater while license is suspended. At docket 1391, Appellant pled guilty to retail theft and driving while operating privilege is suspended. At docket 2079, Appellant pled guilty to fleeing or attempting to elude officer, and driving while operating privilege is suspended. At docket 2485, Appellant pled guilty to criminal trespass, indecent exposure, simple assault, possession of a controlled substance, and use/possession of drug paraphernalia. At docket 6293, Appellant pled guilty to fleeing or attempting to elude [police] officer, possession of a controlled substance, marijuana – small amount, and use/possession of drug paraphernalia. Appellant was admitted into the drug court program.

Trial Court Opinion, 12/31/18, at 1-3 (footnotes and citations omitted).

A detainer was filed by probation and parole, and a revocation hearing was held on May 10, 2017. Following the hearing, Appellant was resentenced at all five docket numbers to an aggregate sentence of twenty-four to sixty months of incarceration, followed by twenty-four months of probation. Appellant was also awarded time credit of seventeen months and seventeen days, for time spent in prison prior to the resentencing.

Appellant did not file a post-sentence motion or direct appeal. However, on May 17, 2017, Appellant filed a letter asking counsel to file an "appeal immediately" challenging time credit. *See Pro Se* Correspondence, 5/17/17, at unnumbered 1. On October 23, 2017, trial counsel filed a motion for time credit, arguing that Appellant was entitled to additional credit from July 9, 2015 to February 23, 2016. The Commonwealth filed a response asking the court to dismiss the motion, since Appellant had already received all of the

- 3 -

credit that he was entitled to receive. The trial court agreed with the Commonwealth and denied the motion. No direct appeal was filed.

On May 22, 2018, Appellant filed a *pro se* post-conviction relief act ("PCRA") petition challenging the discretionary aspects of his sentence, his counsel's failure to file a requested direct appeal, and asking for time credit from October 20, 2016 to May 10, 2017. The court appointed counsel, who filed an amended PCRA petition requesting the reinstatement of Appellant's direct appeal rights, due to attorney abandonment. The Commonwealth indicated that it did not oppose reinstatement and the petition was granted.

Appellant filed a timely notice of appeal *nunc pro tunc* and a concise statement of errors complained of on appeal challenging the discretionary aspects of his sentence and the calculation of time credit. The trial court issued its Pa.R.A.P. 1925(a) opinion.

Appellant raises the following two issues for our review:

I.    Whether the sentence imposed upon Appellant was unreasonable and excessive given Appellant's circumstances?

II.   Whether the trial court erred in not properly calculating Appellant's time credit?[1]

Appellant's brief at 6.

_____

[1] Specifically, Appellant alleges that he is entitled to an additionally forty-two days of credit from October 20, 2016 to May 10, 2017. **See** Appellant's brief at 15. This is consistent with Appellant's *pro se* PCRA petition, but not the same as the amount he originally requested in his motion for time credit.

Upon review of the certified record, the parties' briefs, and the relevant law, we discern no abuse of discretion on the part of the trial court as to either of these issues, and we affirm the order denying Appellant's claims on the basis of the well-reasoned opinion that the Honorable Richard A. Lewis entered on December 31, 2018. *See* Trial Court Opinion, 12/31/18, at 3-4 (discussing Appellant's waiver of his discretionary aspects of sentencing claim due to his failure to file a post-sentence motion); *id*. at 4-5 (explaining that even if Appellant had not waived his sentencing claim, he would not be entitled to relief); *id*. at 6 (clarifying that the time credit Appellant requests has already been included in the time credit awarded at resentencing).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2019

- 5 -

Circulate **ORIGINAL**

COMMONWEALTH OF PENNSYLVANIA     : IN THE COURT OF COMMON PLEAS
                                          : DAUPHIN COUNTY, PENNSYLVANIA
                                          :
                                          :
                       vs.                      : NO. 1390, 1391, 2079, 2485, 6293 CR 2014
                                          :    (1739 MDA 2018)
                                          : CRIMINAL MATTER - APPEAL
ROBERT WILLIAMS, JR.,                  :
               Defendant/Appellant       :

## MEMORANDUM OPINION

Appellant, Robert Williams, Jr. ("Appellant"), appeals this Court's judgment of sentence entered following a revocation hearing held on May 10, 2017. This Opinion is written pursuant to Pa.R.A.P. 1925(a).

## PROCEDURAL HISTORY

On July 9, 2015, the Appellant pled guilty at the above-mentioned dockets.[1] At docket 1390, Appellant pled guilty to fleeing or attempting to elude officer (75 Pa.C.S.A. § 3733), recklessly endangering another person (18 Pa.C.S.A. § 2705), DUI: Controlled Substance – schedule 1 (1st offense)(75 Pa.C.S.A. § 3802), possession of a controlled substance (35 P.S. § 780-113(a)(16)), and driving while BAC .02 or greater while license is suspended (75 Pa.C.S.A. 1543). At docket 1391, Appellant pled guilty to retail theft (18 Pa.C.S.A. 3929) and driving while operating privilege is suspended (75 Pa.C.S.A. 1543). At docket 2079, Appellant pled guilty to fleeing or attempting to elude officer (75 Pa.C.S.A. § 3733), and driving while operating privilege

---

[1] For sake of brevity, we will not list the charges that were waived/withdrawn.

1

is suspended (75 Pa.C.S.A. § 1543). At docket 2485, Appellant pled guilty to criminal trespass (18 Pa.C.S.A. § 3503), indecent exposure (18 Pa.C.S.A. § 3127), simple assault (18 Pa.C.S.A. § 2701), possession of a controlled substance (35 P.S. § 780-113(a)(16)), and use/possession of drug paraphernalia (35 P.S. § 780-113(a)(32)). At docket 6293, Appellant pled guilty to fleeing or attempting to elude officer (75 Pa.C.S.A. § 3733), possession of a controlled substance (35 P.S. § 780-113(a)(16)), marijuana – small amount (35 P.S. § 780-113), and use/possession of drug paraphernalia (35 P.S. 780-113). Appellant was admitted into the drug court program.[2]

A detainer was filed by probation/parole on May 19, 2016 and on October 24, 2016. A revocation hearing was held on May 10, 2017. Following the revocation hearing, the Appellant was resentenced at docket 1390, at Count 1 (fleeing), to a period of incarceration for a term of not less than 24 months nor more than 60 months, at Count 2 (recklessly endangering), to a period of not less than 12 months nor more than 24 months, concurrent with Count 1, and at Count 4 (DUI) to a period of not less than 24 months to 60 months, concurrent with Count 1. At this docket, Appellant was given 17 months and 17 days of time credit. At docket 1391, the retail theft, Appellant was resentenced to a term of incarceration of not less than 18 months nor more than 36 months, concurrent with docket 1390. At this docket, Appellant was given 10 months and 9 days of time credit. At docket 2079, the Appellant was resentenced to a period of not less than 12 months nor more than 24 months, concurrent with docket 1390. At this docket, Appellant was given 9 months and 24 days of time credit.

At docket 2485, Count 1, Appellant was revoked from drug court. He was resentenced to a period of incarceration of not less than 24 months nor more than 60 months, concurrent with docket 1390. At Count 2, he was revoked and resentenced to a period of incarceration of not less

[2] The drug court program offers non-violent offenders the opportunity for treatment, combined with other restrictive intermediate punishment, in lieu of jail time.

2

than 18 months nor more than 60 months, concurrent with count 1. Counts 3 and 4 were withdrawn. Appellant was given 10 months and 9 days of time credit. At docket 6293, Count 1, the Appellant was resentenced to 12 to 24 months, concurrent with 1390 CR 2014. Appellant was given 9 months and 2 days of time credit. Counts 2, 3, and 4 were withdrawn. In aggregate, Appellant was sentenced to a total period of incarceration of 24 months to 60 months.[3] Appellant was also sentenced at docket 6380-CR-2016 to 24 months' probation running consecutively to docket 6293.

Appellant did not file a direct appeal. On May 22, 2018, Appellant filed a *pro se* PCRA Petition and PCRA counsel was appointed on June 6, 2018. After two unopposed motions for extension of time to file a PCRA petition, PCRA counsel filed a Motion to Reinstate Appellate Rights.[4] Said motion was granted and the Appellant filed a Notice of Appeal on October 18, 2018. In accordance with our 1925(b) order, the Appellant filed a Statement of Errors/Matter Complained of on Appeal raising the following issues for review:

1. Whether the sentence upon appellant was unreasonable and excessive given Appellant's circumstances?

2. Whether Your Honorable Court erred in not properly calculating Appellant's time credit?

## DISCUSSION

1. Sentence:

Appellant contends that the sentence imposed was unreasonable and excessive. We disagree. Initially, we note that Appellant has failed to file a post-sentence motion.[5] An appellant

---

[3] The time credit issue will be discussed below.

[4] The Commonwealth filed a half-slip indicating that it did not oppose.

[5] We note, however, that the docket indicates that Appellant sent a *pro se* correspondence to revocation counsel on May 17, 2017. We are unable to locate this correspondence. Nonetheless, revocation counsel then requested the transcripts and filed a Motion for Time Credit on October 23, 2017.

3

challenging the discretionary aspects of his sentence must invoke the Pennsylvania Superior Court's jurisdiction by satisfying a four-part test. *See Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Included in this test is whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentencing. *Id. See also* Pa.R.Crim.P. 720. Accordingly, we would ask that Appellant's first issue be waived for failure to raise it properly. *See, generally, Commonwealth v. Bullock*, 948 A.2d 818 (Pa. Super. 2008) (stating that the right to appeal a discretionary aspect of sentence is not absolute and is waived if the appellant does not challenge it in post-sentence motions or by raising the claim during the sentencing proceedings).

Moreover, even if Appellant has not waived this issue, he would not be entitled to relief. The imposition of sentence following the revocation of probation is vested within the sound discretion of the probation revocation court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000). When imposing a sentence, the sentencing court must consider the factors set forth in sections 9771(c) and 9721(b) of the Sentencing Code. *Commonwealth v. Ferguson*, 893 A.2d 735, 739. *See also* 42 Pa.C.S.A. § 9721 (b) (providing that when determining an appropriate sentence, the court must consider the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant). Following revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

4

Here, this Court looked into the reason that Appellant was removed from the drug court program. He was acting aggressively towards Ms. Pickens (the probation officer) and the work release staff. Transcript of Proceedings, Revocation and Resentencing, May 10, 2017, page 5 (hereinafter N.T. at "___"). Additionally, on the record, this Court indicated the following:

> I did read – Robert, I did read the very nice letter from your mother and the letter from Roc Nation, which you had handed up before. This is dated February 1st. I had seen that previously. And that's – it sort of represents one of the problems in your case.
>
> You have talents, which admittedly you use on occasion but you seem to leave by the wayside on other occasions...But sometimes that talent acts almost as an excuse for you to get into other trouble and so forth. And you offer up the talent and potential that you have as far as a musical career to say, well, you know, let me slide on some of these other things because I'm a talented guy, and I can do well in the world.
>
> Again, that's all very true, and you probably can do very, very well in this world and I hope you do. I really do. But nevertheless, we have a <u>series of violations here in this particular program that have caused us to remove you from the program.</u> You came in with a prior record score of five, so you had quite a history coming in, and so we have to deal with that. And plus you had four, five new dockets when you came in.
>
> So I believe the decision to remove you from the drug court program was the proper one. The shining light at the end of the tunnel, so to speak, is the fact that we haven't had any issues in the last year or so with you using, and that is an important concept and important component of this program. However, it's the behavior issues that were problematic in this case that we had to take some action against.

Transcript of Proceedings, pages 6-7.

Based on Appellant's aggressiveness in the drug court program, the position of the District Attorney's office, Appellant's criminal history (including revocation of the five instant dockets), we find that Appellant is likely to commit another crime if not imprisoned and the sentence imposed is essential to vindicate the authority of the court.

5

## 2. Time Credit:

Appellant's second allegation of error regards the proper calculation of time credit. It is believed that Appellant is seeking an additional 42 days of time credit. *See pro se* PCRA VII Legal Argument in Support. "The principle underlying this statute is that a defendant should be given credit for time spent *in custody* prior to sentencing for a particular offense." *Commonwealth v. Hollawell*, 413 Pa.Super. 42, 604 A.2d 723, 725 (1992) (emphasis added).

Here, this Court set forth the time credit at the time of the revocation hearing. *See* Sentencing Order filed May 11, 2017. This time credit was provided by Adult Probation Officer Kim Pickens and filed of record on May 11, 2017. *See* Credit for Time Served-APO. In Appellant's *pro se* PCRA Petition, under Legal Argument in Support (VII), Appellant avers that "the following credit was granted at **CR-1390-2014,** (Revocation) from 07/16/2015 to 02/08/2016 (6 months 24 days), 05/19/2016 to 06/02/16 (15 days) and from 10/24/16 to 03/30/2017 (5 months 5 days) petitioner avers that he was in custody from 10/20/2016 to 05/10/2017 (6 months 20 days) and is entitled to an additional forty-two (42) days credit against his prison sentence." It appears he is seeking the additional time from March 30, 2017 to May 10, 2017. However, the Credit for Time Served, filed May 11, 2017 by Probation Officer Kim Pickens includes the time from 10/21/2016 to 5/10/17 for a total time credit of 17 months, 17 days. This was the time credit used at docket 1390 CR 2014. This Court fails to see where the extra 42 days of time credit is coming from.

BY THE COURT:

_____
Richard A. Lewis, President Judge

**MEMORANDUM DATE:** _Dec. 31_, 2018
Distribution on following page.

6

Distribution: 12/31/18 @ 2:58 am

Ryan Lysaght, Esquire, District Attorney's Office (APPEAL) I 0
Wendy J.F. Grella, Esquire – 1119 North Front Street, Suite 1, Harrisburg, PA 17102 mai/
Robert Williams, Jr., Defendant mai l
Court Administration – Criminal I0
Court Reporter's Office I0
Clerk of Courts file
FILE COPY - Chambers of the Honorable Richard A. Lewis
Superior Court mail