J-S13007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARVEL GRIERSON | : | |
| | : | |
| Appellant | : | No. 1760 EDA 2020 |

Appeal from the PCRA Order Entered August 20, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005294-2012

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 6, 2021**

Appellant, Marvel Grierson, appeals *pro se* from the order entered on August 20, 2020, dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely.  We affirm.

The trial court accurately summarized the procedural history of this case as follows:

> On November 19, 2012, Appellant [entered] a negotiated guilty plea to [two charges of possession with intent to deliver[2] and one charge of criminal conspiracy to possession with intent to deliver.[3]]  In accordance with the terms of the negotiated guilty plea, [the trial court] immediately [sentenced Appellant to incarceration for a period of 35 months to 70 months and a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 35 Pa.C.S.A. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 903.

consecutive period of probation.] On November 21, 2012[,] Appellant filed a motion for reconsideration of sentence. On November 26, 2012[,] the motion was denied. Appellant did not file an appeal and Appellant's judgment of sentence became final on December 26, 2012. On October 7, 2013[, Appellant] filed his first PCRA petition. . . . On July 20, 2016[,] the PCRA petition was denied.

On September 6, 2019[,] Appellant filed a second and untimely *pro se* PCRA petition. On September 9, 2019[, the PCRA court] entered an order appointing Stephen D. Molineux, Esquire to represent Appellant on the PCRA petition. On January 24, 2020, under ***Pennsylvania v. Finley***, 481 U.S. 551 (1987) and ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988)[,] counsel filed a "[n]o [m]erit" letter and an application to withdraw appearance. On March 5, 2020[,] Appellant filed a [document with the PCRA court entitled] "Petitioner's Amendment/Supplement For Post-Conviction Relief Act" opposing Mr. Molineux's "no merit" letter. On July 1, 2020[,] counsel confirmed, notwithstanding Appellant's opposition, his conclusion concerning the "no merit" letter remained the same. On July 8, 2020[, the PCRA court issued a] [n]otice of [i]ntention to [d]ismiss [Appellant's] PCRA [p]etition without a hearing pursuant to Pa.R.Crim.P. 907. On July 23, 2020, Appellant[] *pro se* filed an unnamed document [] in opposition to the Rule 907 notice, and Appellant attached [his] *pro se* March 5, 2020 filing. On August 20, 2020[, the PCRA court] entered an order denying and dismissing Appellant's second and untimely September 6, 2019 PCRA petition.

Trial Court Opinion, 12/22/20, at 1-3. This timely *pro se* appeal followed.[4]

Appellant raises one issue on appeal:

Did the PCRA court exceed its authority by failing to uphold [Appellant's] negotiated plea bargain contract, when [an] agent of the [Commonwealth, *i.e.*, Appellant's parole agent,] changed his maximum date from May 11, 2020 to [S]eptember 5, 2022, which caused the breach of contract[?]

---

[4] After review of the certified record, it appears that the PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.

Appellant's *Pro Se* Brief, at 2. Before we can address the substance of Appellant's claim, however, we first analyze the timeliness of Appellant's second PCRA petition, which implicates our jurisdiction over Appellant's instant claims.

We previously determined:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. [A]mendments to the PCRA, effective January 16, 1996, provide [that] a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

provided in this section and has been held by that court to apply retroactively.

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. Lastly, there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions.

*Commonwealth v. Vinson*, 249 A.3d 1197, 1203–04 (Pa. Super. 2021) (internal case citations and some quotations omitted).

Moreover, an appellant must plead a timeliness exception in the PCRA petition itself. *Commonwealth v. Stanton*, 184 A.3d 949, 954 n.4 (Pa. 2018); *Commonwealth v. Wharton*, 886 A.2d 1120, 1125-1126 (Pa. 2005). PCRA petitioners must acknowledge within the petition under review that it is untimely but that one or more exceptions apply. *Commonwealth v. Beasley*, 741 A.2d 1258 (Pa. 1999). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing[.]" *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008).

Here, Appellant's judgment became final on December 26, 2012, after the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant was required to file any PCRA petition, including a second or subsequent petition, by December 26, 2013 for it to be considered timely. 42 Pa.C.S.A. § 9545(b)(1). Appellant filed his second PCRA petition on September 6, 2019. As such, it was patently untimely. Appellant bore the burden of alleging and proving within his second PCRA petition itself that it fit

within one of the statutory timeliness exceptions. **Stanton**, **supra**. Appellant, however, failed to address the timeliness of his second PCRA petition at any stage of the instant proceedings. Appellant neither alleged nor proved that his second *pro se* PCRA petition satisfied any of the three enumerated exceptions to the one-year time bar pursuant to 41 Pa.C.S.A. § 9545(b)(1). **Perrin**, **supra**. Hence, neither this Court nor the PCRA court possessed jurisdiction over Appellant's claims. The PCRA court correctly denied and dismissed Appellant's PCRA petition.[5] **Id.**

Order affirmed.

---

[5] Even if Appellant pleaded and proved a timeliness exception, this Court lacks jurisdiction to address Appellant's claim. Appellant does not challenge the validity of his original negotiated plea agreement or the terms thereof. Instead, the essence of Appellant's argument challenges the recalculation of his original projected maximum sentence date by his parole agent or the Pennsylvania Board of Probation and Parole ("PBPP"). **See** Appellant's *Pro Se* Brief at 2. As the trial court correctly determined:

> Decisions concerning parole in a state sentence are vested solely with the [PBPP]; appeals from administrative parole orders are within the exclusive jurisdiction of the Commonwealth Court [of Pennsylvania]. **See Commonwealth v. Vega**, 754 A.2d 714, 718 (Pa. Super. 2000)[;] **Commonwealth v. Hollawell**, 604 A.2d 723 ([Pa. Super.] 1992). In the present case, assuming Appellant's claim concerning the change of the parole date has merit, any decision concerning Appellant's release date and parole for his state sentence lies with the [PBPP], and in the event the decision of the parole board is appealed, the Commonwealth Court.

Trial Court Opinion, 12/22/20, at 5-6. The proper venue for Appellant's grievance is with the Commonwealth Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/6/2021