J-S23009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BREE TAYLOR | : | |
| | : | |
| Appellant | : | No. 348 EDA 2021 |

Appeal from the PCRA Order Entered January 14, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005266-2018

BEFORE: LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED OCTOBER 8, 2021**

Bree Taylor appeals from the order, entered in the Court of Common Pleas of Bucks County, denying her "Amended Petition for Relief Pursuant to the Post-Conviction Relief Act Application for Time Credit" (hereinafter Amended Petition). The court correctly interpreted the amended petition as one filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. *See*, *e.g.*, *Commonwealth v. Saunders*, 226 A.3d 1019 (Pa. Super. 2020) (recognizing that claim that trial court failed to award credit for time served pursuant to 42 Pa.C.S.A. § 9760 cognizable under PCRA); *see also Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004) (holding that claim that trial court failed to award credit for time spent in custody prior

_____

[*] Retired Senior Judge assigned to the Superior Court.

to sentencing cognizable under PCRA). For the reasons set forth below, we affirm the PCRA court's order denying Taylor's petition.

On June 25, 2018, Taylor was arrested while incarcerated in the Bucks County Correctional Facility on unrelated charges.[1] The instant charges[2] stem from Taylor's involvement in the distribution of methamphetamine to other inmates while serving her sentence on those charges. Bail was set for the instant case but not posted. On April 2, 2019, Taylor pled guilty to five counts of controlled substance or contraband by confined persons prohibited, two counts of conspiracy, and one count each of possession of a controlled substance or contraband by an inmate, and possession of a controlled

---

[1] Taylor served sentences under dockets CP-39-CR-0001048-2017, CP-09-CR-000625-2017, CP-09-CR-0007518-2017, and CP-09-CR-000424-2018. Taylor's charges included: possession of drug paraphernalia, driving while operating privilege is suspended or revoked, possession of a controlled substance, possession with intent to deliver a controlled substance, possession of drug paraphernalia, possession of a controlled substance, forgery, access device fraud, theft by unlawful taking, and receiving stolen property.

[2] In this matter, the Commonwealth originally charged Taylor with: ten counts of controlled substance or contraband by confined persons prohibited, *see* 18 Pa.C.S.A. § 5123(a); one count of possession of a controlled substance or contraband by an inmate, *see* 18 Pa.C.S.A. 5123(a.2); one count of possession of a controlled substance, *see* 35 P.S. § 780-113(a)(16); two counts of conspiracy, *see* 18 Pa.C.S.A. § 903; and, one count of solicitation of contraband or a controlled substance, *see* 18 Pa.C.S.A § 902. *See* Information, 9/18/18, at 1-5.

substance.[3]  That same day, the trial court sentenced Taylor to a period of four-and-one-half to nine years' imprisonment, with the court ordering that this sentence be served concurrently with her unrelated charges.[4]  No direct appeal was filed, causing Taylor's judgment of sentence to become final on May 2, 2019.  *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3).

On March 11, 2020, Taylor filed a timely *pro se* PCRA petition requesting time to be credited towards her sentence for the period of imprisonment while she was in custody prior to sentencing.  The court appointed Patrick J. McMenamin, Jr., Esquire, who subsequently filed an amended petition on August 7, 2020.  Following an evidentiary hearing on November 5, 2020, Taylor submitted a memorandum of law in support of her claims, and the Commonwealth filed a response.  On January 14, 2021, the PCRA court denied Taylor's amended petition, and on February 3, 2021, Taylor filed a notice of appeal.  Both Taylor and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Taylor argues that her trial counsel was ineffective for failing to request credit for time served for the period of time between her arrest and sentencing.  Taylor argues that under subsection 9760(1), she is entitled to

---

[3] N.T. Guilty Plea Hearing, 4/2/19, at 1, 22-24. The PCRA hearing transcript indicates that charges 6-10 were withdrawn, however, the written guilty plea notes that these charges were *nolle prossed*.  N.T. Guilty Plea Hearing, 4/2/19, at 18; Written Guilty Plea, 4/2/19.

[4] N.T. Guilty Plea Hearing, 4/2/19, at 20-23.

credit for time served for the days she spent incarcerated prior to the imposition of sentence for the charges at issue in this case. Taylor argues that denying her credit renders her sentence illegal under section 9760. **See** Appellant's Brief, at 4-5. We disagree.

The standard of review for the denial of a PCRA petition is well settled: "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Medina**, 92 A.3d 1210, 1214 (Pa. Super. 2014). This Court is limited to the findings of the PCRA court, and the evidence of record, and must view these in a light most favorable to the Commonwealth as the prevailing party. **Id.** The PCRA court's credibility determinations are binding on this Court when supported by the record; however, with regard to the PCRA court's legal conclusions, our standard of review is de novo. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. Super. 2011).

In order to succeed and be granted relief on a PCRA claim, Taylor must prove, by a preponderance of the evidence, that her sentence resulted from one of the circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). Taylor contends that her counsel was ineffective for failing to request credit for time served from her date of arrest to her sentencing, entitling her to relief under section § 9543(a)(2)(ii). Because Taylor's claim presents a question of law, we must apply a de novo standard of review. **Spotz**, **supra**.

For an ineffective assistance of counsel claim, the court begins with the presumption that counsel is effective. ***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017). "In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" ***Commonwealth v. Michaud***, 70 A.3d 862, 867 (Pa. Super. 2013) (quoting ***Commonwealth v. Payne***, 794 A.2d 902, 905 (Pa. Super. 2002)); ***see also*** 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, in order to be successful on an ineffectiveness claim, the appellant must prove: (1) that the underlying claim has arguable merit, (2) that counsel's conduct was without a reasonable basis designed to effectuate the appellant's interest, and (3) that counsel's ineffectiveness prejudiced the appellant. ***Commonwealth v. Allen***, 833 A.2d 800, 802 (Pa. Super. 2003). When evaluating an ineffectiveness claim, the court need not analyze the elements above in order; rather, "if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." ***Commonwealth v. Brown***, 196 A.3d 130, 151 (Pa. 2018). Likewise, "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Jones***, 912 A.2d 268, 278 (Pa. 2006).

Section 9760 of the Crimes Code governs credit for time served, and states, in relevant part:

(1) **Credit** against the maximum term and any minimum term **shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based**. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

\* \* \*

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. §§ 9760(1), (4) (emphasis added).

The purpose behind section 9760 is to allow defendants "credit for time spent in custody before being sentenced for a given offense." *Commonwealth v. Merigris*, 681 A.2d 194, 194 (Pa. Super. 1996). However, the case law has firmly established that courts should prevent petitioners from receiving a "windfall on sentencing for a completely unrelated crime." *Commonwealth v. Hollawell*, 604 A.2d 723, 726 (Pa. Super. 1992). Previous decisions have been clear and consistent with their intention to avoid "deal[ing] in volume discounts." *Id.* "Pursuant to 42 Pa.C.S.[A.] § 9760(4), credit is to be awarded if, on the date of the defendant's arrest on charges for which [s]he is being sentenced, [s]he was already incarcerated for unrelated charges **for which [s]he was not given credit on any other sentence**." *Commonwealth v. Miller*, 655 A.2d 1000, 1003 (Pa. Super. 1995) (emphasis added); *see also Commonwealth v. Clark*, 885 A.2d 1030, 1032

(Pa. Super. 2005).[5] Subsection 9760(4) allows for time from separate charges to be credited, but only if the time has not already been "credited against another sentence." *Id.*, at § 9760(4).

Here, we find that the PCRA court's analysis that Taylor was not entitled to her requested relief is supported by the record and we discern no error of law. *See Medina*, *supra*; *see also* PCRA Court Opinion, 3/9/21, at 6. We agree with the PCRA court and conclude that the credit Taylor seeks would result in a case of double counting and, therefore, the PCRA court properly denied Taylor's petition. *See Hollawell*, *supra*. The record shows that during sentencing, the parties and the court intended and agreed to have Taylor's new sentence run concurrently with her previous sentences, **beginning on April 2, 2019, and not before**.[6] The time at issue—the

---

[5] In **Clark**, this Court rejected the Appellant's argument that his time was misapplied when it was credited to his parole sentence rather than the sentence for which he was incarcerated. This Court reasoned that the statute did not "compel the credit he [sought]" because the time had applied to the parole sentence and, therefore, the time had already been credited. **Id.** at 1032.

[6] The sentencing transcript reflects Taylor's and the Commonwealth's mutual intention and understanding:

> The court: So[,] you understand this sentence will run consecutive to your back time?
>
> [Defense Counsel]: Your Honor, the negotiation that we're asking for is that **it will begin today**.
>
> The court: Is that correct?

*(Footnote Continued Next Page)*

_____

[Commonwealth Attorney]:  That's correct, Your Honor.

[Defense Counsel]:  **It will be effectively consecutive to time that she's been in custody up until today and then concurrent**—

The court:  I know [t]hat—

[Defense Counsel]:  **I'm just saying that more for her benefit** than for yours, Your Honor.

The court:  Okay.  That's also a benefit because legally they'll follow that[,] but the state's position is that it has to be consecutive.

[Defense Counsel]:  Yes, ma'am.

\* \* \*

The court:  . . . By the way, I do find that the plea is voluntarily, intelligently[,] and knowingly entered and [that Taylor] understands the consequences of pleading guilty.  **It's effective today** and concurrent with the sentence she's now serving.

N.T. Guilty Plea Hearing, 4/2/19, at 20-21, 23-24 (emphasis added).  As indicated, the parties intended and agreed to credit Taylor's time served before sentencing to the previous charges on the prior dockets.  ***Id.***  Because Taylor's PCRA petition failed to allege that trial counsel violated a constitutional duty to consult with her concerning her right to serve the challenged period concurrently to the prior dockets, she has failed to preserve this claim before the PCRA court.  ***See Commonwealth v. Santiago***, 980 A.2d 659, 666 n.6 (Pa. Super. 2009) (issues of constitutional dimension are waived if not raised in trial court; new and different theories of relief may not be successfully advanced for first time on appeal); ***see also*** Pa.R.A.P. 302.  Additionally, Taylor's statement of errors complained of on this appeal did not fairly suggest any claim that trial counsel was ineffective for not consulting with her concerning her right to serve concurrent sentences.  ***See*** Rule 1925(b) Statement, 2/24/21.  Accordingly, Taylor has also waived this issue under Pa.R.A.P. 1925(b)(4)(vii).  ***See*** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement . . . are waived"); ***see also Commonwealth v. Phillips***, 141 A.3d 512, 522 (Pa. Super. 2016).

- 8 -

period between Taylor's arrest and sentencing—has already been credited towards Taylor's original sentences at dockets CP-09-CR-0007518-2017 and CP-09-CR-000424-2018, which sentences both **fully encompass** the relevant time period. Indeed, Taylor never stopped receiving credit for the time she was incarcerated on those original dockets. Therefore, Taylor's time served cannot be credited in the second instance on a set of unrelated charges, and in contravention of the start date of her knowing, intelligent, and voluntary plea. *See Hollawell*, *supra*; *see also Miller*, *supra*. Consequently, Taylor's underlying claim is meritless.

Taylor further argues that not allowing this time to count for both sets of charges would "be to accept that concurrent sentences are prohibited."[7] Brief of Appellant, at 11. This argument misinterprets the statute by assuming that concurrent and consecutive sentences are treated distinctly under section 9760. The statutory language does not address the type of sentence the defendant receives with specificity; rather, it distinguishes if the time has been credited to any other sentence, and whether or not the sentences are related. *See* 42 Pa.C.S.A. § 9760.

Because Taylor's underlying claim is meritless, she has failed to satisfy the elements for an ineffective assistance of counsel claim. *See Jones*,

---

[7] We have already noted that Taylor waived her claim that trial counsel violated a constitutional duty to consult with her concerning her right to credit the at-issue time period toward both sentences via concurrent sentencing. *See supra*, at n.6. In fact, we are satisfied that Taylor agreed to a specific start date for her instant sentence when entering her plea, and the court found Taylor's plea to be knowingly, intelligently, and voluntarily entered. *Id.*

*supra*; *see also Allen*, *supra*.  Accordingly, the PCRA court did not err in denying Taylor PCRA relief.  *See Medina*, *supra*.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2021