J-S17023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v. :
:
:
LEROY KENNETH THOMAS JR. :
:
Appellant : No. 1081 WDA 2022

Appeal from the Judgment of Sentence Entered October 25, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002243-2021

BEFORE: LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.: **FILED: August 4, 2023**

Appellant, Leroy Kenneth Thomas, Jr., appeals from the October 25, 2021 judgment of sentence[1] entered in the Court of Common Pleas of Allegheny County that imposed an aggregate sentence of 4 to 8 years' incarceration to be followed by 3 years' probation after Appellant pleaded guilty to indecent assault – complainant is less than 13 years of age (Count 1) and unlawful contact with minor – sexual offenses (Count 3).[2] We affirm.

_____

[1] Appellant's notice of appeal purports to appeal from the August 16, 2022 order denying his post-sentence motion. "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001), *appeal denied*, 800 A.2d 932 (Pa. 2002). The caption has been corrected accordingly.

[2] 18 Pa.C.S.A. §§ 3126(a)(7) and 6318(a)(1), respectively.

The trial court summarized the procedural history as follows:

On October 25, 2021, Appellant, [] at CP-02-CR-02243-2021 [("CR-2243")], pled guilty to [the aforementioned criminal offenses. That same day, the trial court] sentenced Appellant to an aggregate sentence of 4 to 8 years of incarceration, pursuant to the plea agreement. Also on October 25, 2021, [the trial] court found Appellant to have violated his probation at CP-02-CR[-]09076-2013 [("CR-9076"). The trial] court resentenced Appellant [at CR-9076] to 7 to 20 years of incarceration[, set to run consecutive[ly] to the term of incarceration imposed at CR-2243. The trial court also imposed a term of 3 years of probation, set to run consecutive[ly] to the term of probation imposed at CR-2243. *See* N.T., 10/25/21, at 42.] The post-sentence and appeal periods lapsed. On August 3, 2022, [the trial] court granted Appellant's motion to reinstate post-sentence and appellate rights [*nunc pro tunc*. Appellant filed a post-sentence motion [*nunc pro tunc*] on August 12, 2022. The trial] court denied Appellant's post-sentence motion[] on August 16, 2022.

Trial Court Opinion, 1/4/23, at 2 (extraneous capitalization omitted). This appeal followed.[3]

---

The trial court imposed a sentence of 2 to 4 years' incarceration, to be followed by 3 years of probation, on Count 1. Appellant was further ordered to comply with all Tier III requirements under Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10 to 9799.42, which include lifetime registration with the Pennsylvania State Police.

The trial court imposed a sentence of 2 to 4 years' incarceration, to be followed by 3 years of probation, on Count 3. The term of incarceration on Count 3 was set to run consecutively to the term of incarceration imposed on Count 1. The term of probation on Count 3 was set to run concurrently to the term of probation on Count 1.

[3] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue for our review:

Is there a substantial question as to the discretionary aspects of [Appellant's] sentence [imposed at CR-2243] due to the trial court's sentence being manifestly unreasonable?

Appellant's Brief at 4 (extraneous capitalization omitted).

Appellant's issue challenges the discretionary aspects of his sentence, arguing that the trial court abused its discretion when it imposed a manifestly unreasonable sentence.[4] *Id.* at 8.

> It is well-settled that "the right to appeal [the] discretionary aspect[s] of [a] sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence,

_____

[4] In its brief, the Commonwealth asserts that Appellant is precluded from challenging the discretionary aspects of his sentence because he entered into a plea agreement that included "a negotiated sentence." Commonwealth's Brief at 5-6.

We agree, and it is well-established, that a defendant is not permitted to challenge the discretionary aspects of his or her sentence when the negotiated plea agreement includes "a sentence of specific duration" because to permit such a challenge would "make a sham of the negotiated plea process[.]" *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995), *cert. denied*, 516 U.S. 818 (1995).

Here, the record demonstrates that prior to entering his guilty plea, the trial court reviewed the terms of the negotiated plea agreement with Appellant in open court. N.T., 10/25/21, at 11. When the trial court inquired whether a 3-year term of probation was to be imposed at both Count 1 and Count 3, the Commonwealth responded, "Your Honor, as to whether it's [to be imposed at] one count or two counts, that was not discussed by myself and [Appellant's] counsel.]" *Id.* As such, we do not find Appellant's negotiated plea agreement included a "sentence of specific duration" thereby precluding Appellant, on this ground, from raising a challenge to the discretionary aspects of his sentence. *Dalberto*, 648 A.2d at 21.

we should regard his[, or her,] appeal as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant [] filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> [***Moury***, 992 A.2d] at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

***Commonwealth v. Hill***, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted), *appeal denied*, 220 A.3d 1066 (Pa. 2019). If an appellant fails to challenge the discretionary aspects of a sentence either by presenting a claim to the trial court at the time of sentencing or in a post-sentence motion, then the appellant's challenge is waived. ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

In determining whether a substantial question exists, this Court "cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement[.]" ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015). The Rule 2119(f)

statement "must explain where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the [Sentencing] Code [or] what fundamental norm was violated, and explain how and why the [trial] court violated that particular provision [or fundamental] norm." ***Commonwealth v. Feucht***, 955 A.2d 377, 384 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008). While it is not necessary that the Rule 2119(f) statement "provide elaborate factual and procedural details," the statement must provide more than "bald assertions or non-specific claims of error[. The Rule 2119(f)] statement "must state the way in which the penalty imposed is inappropriate." ***Feucht***, 955 A.2d at 384. A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code or (2) is "contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Here, the record demonstrates that Appellant filed a timely notice of appeal and properly preserved a challenge to the discretionary aspects of his sentence in his post-sentence motion requesting that the trial court reconsider the sentence imposed at CR-2243. In his Rule 2119(f) statement, Appellant asserts,

> The trial court abused its discretion in sentencing as [Appellant's] sentence was manifestly unreasonable. [Appellant's] sentence was contrary to the fundamental norms which underlie the sentencing process and not consistent with the gravity of the

offense, the need of the public for protection[,] and the rehabilitative needs of [Appellant].

Appellant's Brief at 8. In so arguing, we find that Appellant failed to raise a substantial question. Appellant makes nothing more than a bald assertion that his sentence was manifestly unreasonable and parrots the general standards to be applied by a trial court in fashioning a sentence, as outlined in Section 9721(b) of the Sentencing Code, to explain why his sentence is manifestly unreasonable. *Id.*; *see also* 42 Pa.C.S.A. § 9721(b) (stating, "the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant"). Appellant failed to explain where his sentence falls in relation to the sentencing guidelines, to identify what fundamental norm, or Sentencing Code provision, was violated, and to explain how and why the trial court violated that particular fundamental norm, or provision.[5] *See Feucht*, 955 A.2d at 384. Because Appellant failed to present

_____

[5] To the extent that Appellant asserts his sentence was manifestly unreasonable because the trial court failed to consider his rehabilitative needs (*see* Appellant's Brief at 12 (Argument Section)), this Court in *Commonwealth v. Grifflin*, 65 A.3d 932, 936-937 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) set forth ample precedent to support a determination that Appellant's assertion fails to raise a substantial question. *See Grifflin*, 65 A.3d at 936-937. We rely on *Grifflin*, *supra*, and the precedent set forth therein, to find that Appellant failed to raise a substantial question.

_____

Moreover, insomuch as Appellant asserts his sentence was manifestly unreasonable because the trial court failed to run the sentence imposed at CR-2243 concurrently with the sentence imposed for his probation violation at CR-9076, we find this assertion does not raise a substantial question. "Pennsylvania law affords the [trial] court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013); *see also* 42 Pa.C.S.A. § 9721(a) (stating that, a trial court may order sentences to run consecutively or concurrently). "Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Austin*, 66 A.3d at 808 (original quotation marks omitted). As this Court has long-held, an appellant is not entitled to a "'volume discount' for his crimes by having all sentences run concurrently." *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995). "[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Lamonda*, 52 A.3d at 372. The "key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Austin*, 66 A.3d at 808 (citation omitted).

Here, the trial court, at CR-2243, sentenced Appellant to an aggregate sentence of 4 to 8 years' incarceration to be followed by 3 years' probation for the aforementioned convictions. The aforementioned convictions are similar to the crimes Appellant pled guilty to at CR-9076. *See* N.T., 10/25/21, at 7 (explaining that, Appellant pled guilty at CR-9076 to involuntary deviate sexual intercourse with a child, indecent assault, and sexual assault). As a result of Appellant's probation violation at CR-9076, the trial court sentenced Appellant to an aggregate sentence of 7 to 20 years' incarceration to be followed by 3 years' probation. The term of incarceration at CR-9076 was set to run consecutively to the term of incarceration at CR-2243. As such, Appellant's overall aggregate sentence was 11 to 28 years' incarceration to be followed by 6 years of probation.

Appellant's assertion that his sentence was manifestly unreasonable because the sentences imposed at CR-9076 and CR-2243 were set to run consecutively and not concurrently is merely a request by Appellant to receive a "volume

a substantial question, we are without jurisdiction to address the merits of his underlying claim that his sentence was manifestly unreasonable.

In the argument section of his appellate brief, Appellant asserts that the trial court failed to give him "credit for time served prior to the probation revocation." Appellant's Brief at 13. This assertion, raising a challenge to the trial court's failure to award credit for time served, presents a legality of sentence claim that cannot be waived and may be raised *sua sponte* by this Court. **Commonwealth v. Gibbs**, 181 A.3d 1165, 1166 (Pa. Super. 2018); **see also Commonwealth v. Hills**, 238 A.3d 399, 407 (Pa. 2020). Issues relating to the legality of a sentence are questions of law for which our standard of review is *de novo* and our scope of review is plenary. **Gibbs**, 181 A.3d at 1166.

Section 9760 of the Sentencing Code, governing how a trial court applies credit for time served, states, in pertinent part,

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

_____

discount" on the two cases both of which involved Appellant committing heinous sexual offenses against child-victims. Thus, in light of the criminal conduct at issue in both cases, and the length of incarceration, we conclude that the trial court's imposition of a sentence at CR-2243 set to run consecutively to the sentence at CR-9076 does not raise a substantial question.

42 Pa.C.S.A. § 9760(1).

Our Supreme Court in *Gaito v. Pennsylvania Bd. of Probation and Parole*, 412 A.2d 568 (Pa. 1980) set forth rules governing the award of credit for time served when a defendant has been detained both for a parole or probation violation and prior to trial on new criminal charges. In relevant part, *Gaito* states:

> if a defendant is being held in custody **solely** because of a detainer lodged by the [Pennsylvania Board of Probation and Parole] and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he [] failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Gaito*, 412 A.2d at 571 (emphasis in original). While the nuances of awarding credit for time served can be daunting, the hallmark principles in awarding such credit remain as follows: (1) that pursuant to Section 9760, a defendant must be awarded credit for time served, and (2) that credit for time served may only be awarded once. *See* 42 Pa.C.S.A. § 9760(1); *see also Commonwealth v. Hollawell*, 604 A.2d 723 (Pa. Super. 1992) (stating that, Pennsylvania courts do not deal in "volume discounts" and a defendant may not receive a "windfall" on sentencing by having credit for time served awarded more than once).

Here, the record demonstrates that, at CR-2243, Appellant was arrested on the aforementioned criminal charges, and bail was set on March 16, 2021. Because Appellant failed to post bail, he remained incarcerated as a result of

these new charges from March 17, 2021, until October 25, 2021, a total of 223 days. On October 25, 2021, the trial court sentenced Appellant at CR-2243 as discussed *supra*. That same day, the trial court found that Appellant violated his probation and resentenced him at CR-9076 as discussed *supra*. The term of incarceration imposed at CR-9076 (7 to 20 years' incarceration) was set to run consecutively to the term of incarceration imposed at CR-2243 (4 to 8 years' incarceration). In other words, Appellant was ordered to serve 4 to 8 years' incarceration to be followed by 7 to 20 years' incarceration for an aggregate of 11 to 28 years' incarceration. The trial court credited Appellant with 223 days for time served towards the sentence imposed at CR-2243. Thus, the trial court correctly awarded credit for the 223 days of time served towards Appellant's sentence imposed on the aforementioned criminal convictions in the case *sub judice* because he was incarcerated pending trial on these new charges and was unable to post bail. ***Gaito***, 412 A.2d at 571.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/4/2023