J-S03045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARVIN BROWN | : | |
| | : | |
| Appellant | : | No. 1042 MDA 2025 |

Appeal from the PCRA Order Entered April 7, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001330-2020

BEFORE: DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY LANE, J.:                       **FILED FEBRUARY 24, 2026**

Marvin Brown ("Brown") appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court summarized the relevant factual and procedural history as follows:

> On May 17, 2021[, Brown] pled guilty to [aggravated assault and persons not to possess firearms for an incident which occurred on April 23, 2020,] and was immediately sentenced at the request of his counsel. Although [Brown] used a deadly weapon to commit the offense of aggravated assault, the Commonwealth asked that the deadly weapon enhancement not be applied. Concurrent sentences of 60 to 120 months were imposed based on [Brown's] prior record score of five. Both sentences were at the lowest end of the standard range of the guidelines. [The trial court gave Brown time credit from the date of his arrest, on April 23, 2020, through his sentencing on May

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

17, 2021.] Neither a post-sentence motion nor a direct appeal was filed on [Brown's] behalf.

[Brown] filed a *pro se* [PCRA petition] on August 21, 2024. [Therein, Brown acknowledged the untimeliness of his petition, but sought to invoke the governmental interference and newly-recognized constitutional right timeliness exceptions. However, he did not plead any factual basis for the application of either exception. Instead, he merely claimed that his sentence is illegal because his guilty plea was forced.] He filed supplemental petitions on November 22, 2024[,] and December 10, 2024. [In his supplemental petitions, Brown did not address the timeliness exceptions and instead claimed that his sentence is illegal because he was sentenced on May 17, 2021, with time credit from April 23, 2019, through May 17, 2021, and the Department of Corrections failed to give him the time that was credited to him from April 23, 2019, through April 23, 2020.] Counsel was appointed to represent [Brown] on December 12, 2024.

On January 8, 2025, appointed counsel filed a motion to withdraw and a no[-]merit letter. In the letter, counsel set forth his review of the file and concluded that the petition was more than two years late[, and no timeliness exceptions applied to his petition]. [Counsel also indicated that the records from the Luzerne County Correctional Facility confirmed that Brown was not incarcerated until the date of the underlying incident, April 23, 2020, and was therefore not entitled to time credit from April 23, 2019.] Counsel also concluded that the petition had no merit. The motion to withdraw was granted on January 9, 2025

A notice of intention to dismiss [the petition] pursuant to Pa.R.Crim.P . 90[7] was filed on March 7, 2025. [Brown] did not respond to the notice. Following an independent review of the record, the [petition] and supplements were dismissed on April 7, 2025.

PCRA Court Opinion, 9/15/25, at 1-2.

Brown filed a *pro se* notice of appeal.[2]  The PCRA court did not order him to file a concise statement pursuant to Pa.R.A.P. 1925(b).  The PCRA court authored an opinion pursuant to Rule 1925(a).

Brown raises the following issue for our review: "When [Brown] did not see parole before or on his 5[-]year mandatory minimum sentence at that point did his sentence become illegal."  Brown's Brief at unnumbered 3 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.  This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.  This Court may affirm a PCRA court's decision on any grounds if the record supports it.  Further, we grant great deference to the factual findings of the PCRA court and will not disturb those

---

[2] Brown filed an untimely *pro se* notice of appeal on August 2, 2025, beyond the thirty-day appeal period set forth in Pa.R.A.P. 903(a) (providing that the notice of appeal shall be filed within thirty days after the entry of the order appealed from).  However, the trial court docket entry for the April 7, 2025 dismissal order does not indicate service on Brown.  **See** Pa.R.Crim.P. 114(C) (requiring that the trial court criminal docket entries shall contain, *inter alia*, "the date of service of the order or court notice"); **see also** Pa.R.A.P. 108(a)(1), (d)(1) (providing that the day of entry of a criminal order shall be the day the clerk of courts mails or delivers copies of the order to the parties); Under such circumstances, the untimeliness of a notice of appeal may be excused. **See Commonwealth v. Midgley**, 289 A.3d 1111 (Pa. Super. 2023) (holding "[w]here the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings.  Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely").  Thus, we decline to quash the appeal as untimely.

findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition must be filed within one year of the date the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See*** ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, because Brown did not file a post-sentence motion or a notice of appeal following his sentencing on May 17, 2021, his judgment of sentence became final thirty days later, on June 16, 2021. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** Pa.R.A.P. 903(a) (providing that a notice of appeal to the Superior Court shall be filed within thirty days after the entry of the order appealed from). Thus, Brown had one year from that date, until June 16, 2022, to timely file a PCRA petition. As he did not file the instant petition until August 21, 2024, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). These exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

To demonstrate the governmental interference exception, the petition must plead and the petitioner must prove that the failure to previously raise the claim was the result of interference by government officials, and the petitioner could not have obtained the information any earlier through the exercise of due diligence. *See Commonwealth v. Staton*, 184 A.3d 949, 955 (Pa. 2018) (holding that, for the government interference exception to apply, a petitioner "is required to show that but for the interference of a government actor he could not have filed his claim earlier"); *see also*

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008) (explaining that the exception requires the petitioner to plead that the facts upon which the claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence).

To satisfy the newly-recognized constitutional right exception, a petitioner must plead and prove that the right asserted is a constitutional right recognized by the Supreme Court of the United States or the Pennsylvania Supreme Court, and the right has been held to apply retroactively to cases on collateral review within the previous year. ***See Commonwealth v. Spotz***, 171 A.3d 675, 679 (Pa. 2017).

Notably, invoking either of these timeliness exceptions requires the petitioner to plead and prove that he could not have obtained the information underlying these exceptions more than one year before he filed his petition. ***See*** 42 Pa.C.S.A. § 9545(b)(2) (stating that any petition invoking a timeliness exception shall be filed within one year of the date the claim could have been presented); ***see also Commonwealth v. Stokes***, 959 A.2d 306, 309-10 (Pa. 2008) (explaining that section 9545(b)(2) "requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence").

An appellant's challenge to the trial court's failure to award credit for time spent in custody prior to sentencing implicates the legality of sentence. ***See Commonwealth v. Hollawell***, 604 A.2d 723, 725 (Pa. Super. 1992).

Issues concerning the legality of sentence are cognizable under the PCRA so long as the court has jurisdiction to hear the claim. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

Given the mandatory jurisdictional limitations affecting our review of appeals from PCRA court orders, we must preliminarily determine whether Brown invoked the PCRA court's jurisdiction over his untimely petition by pleading and proving the applicability of a timeliness exception.

As indicated above, in his untimely *pro se* petition, Brown sought to invoke both the governmental interference and newly-recognized constitutional right exceptions. However, the trial court concluded that he failed to plead or prove the applicability of either exception. In this regard, the PCRA court stated the following:

> [Brown] relies on the exceptions provided in . . . sections 9545(b)(1)(i) and 9545(b)(1)(iii). The exception found in section 9545(b)(1)(i) requires that the PCRA petition allege[] and the petitioner prove that "the failure to raise the clam previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. [§] 9545(b)(1)(i). The allegation made in [Brown's PCRA petition] fails to satisfy the requirements of section 9545(b)(1)(i). The exception found in section 9545(b)(1)(iii) requires that the PCRA petition allege and the petitioner prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. [§] 9545(b)(1)(iii). Once again, the allegation made in [Brown's PCRA petition] fails to satisfy the requirements of section 9545(b)(1)(iii).

PCRA Court Opinion, 9/15/25, at 4 (unnecessary capitalization omitted).

Based on our review, we conclude that the PCRA court's determination that Brown failed to plead and prove an exception to the PCRA's time bar is supported by the record and free of error. With respect to the governmental interference exception, Brown indicated in his *pro se* petition that he intended to prove his claim was late due to governmental interference by showing: "My police affidavit and sentencing order. It, will show my sentence is illegal because my plea agreement was forced. By making me plea to a charge that did not occur." *Pro Se* PCRA Petition, 8/21/24, at 3 (unnecessary capitalization and emphasis omitted). Brown did not identify any governmental actor, let alone plead any facts to show that, but for the interference of a government actor, he could not have filed his claim earlier. **See Staton**, 184 A.3d at 955.

Similarly, with respect to the newly-recognized constitutional right exception, Brown indicated in his *pro se* petition that he intended to prove that the Supreme Court of the United States or the Commonwealth of Pennsylvania has recognized the following constitutional rights after his period for filing a PCRA: "the Commonwealth is backed by its lawful plea-agreements, and lawful sentencing. Not its forced plea agreement, or its illegal charge or its illegal sentences." *Pro Se* PCRA Petition, 8/21/24, at 3 (unnecessary capitalization and emphasis omitted). Brown did not identify any constitutional right recognized by the Supreme Court of the United States or the Pennsylvania Supreme Court, let alone a right that has been held to apply

retroactively to cases on collateral review within the previous year. **See**

**Spotz**, 171 A.3d at 679.

While we acknowledge that Brown filed two supplemental petitions, the record does not reflect that Brown sought leave to file such petitions, nor does it reflect that the PCRA court granted Brown leave to file his supplemental petitions. Accordingly, neither the PCRA court nor this Court have jurisdiction to consider those filings. **See** Pa.R.Crim.P. 905(A) (explicitly stating that amendment is permitted only by direction or leave of the PCRA court); **see also Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (concluding that a subsequent petition, even though labeled "supplement and amendment[,]" did not constitute an amended petition where "there [was] no indication that . . . the PCRA court ever granted[] leave to amend the [original] petition"). In any event, in those supplemental petitions, Brown did not plead any facts to show that, but for the interference of a government actor, he could not have filed his claim earlier, nor plead the application of a new constitutional right recognized by the Supreme Court of the United States or the Pennsylvania Supreme Court.

Notably, in his appellate brief filed in this Court, Brown does not mention, let alone discuss, any exception to the PCRA's one-year time bar. To be sure, Brown does not present any argument to this Court that he satisfied any timeliness exception, nor does he challenge the PCRA court's

determination that he failed to successfully plead and prove any of the timeliness exceptions.

Moreover, nothing in the record supports the application of any of the timeliness exceptions. Brown was present in court when he pleaded guilty and the trial court imposed his judgment of sentence, and there is no indication of any interference with his ability to thereafter raise the claims he now seeks to raise. Further, this Court is unaware of any holding by the Supreme Courts of this Commonwealth or the United States declaring that there is a constitutional right that could be applicable here, let alone that such holding must be retroactively applied.

Therefore, we affirm on the basis that the PCRA court lacked jurisdiction to consider the merits of the petition because it was untimely filed, and Brown failed to prove that any timeliness exception applied.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/24/2026